89  211
93  526

[No. 13823. In Bank. — May 26, 1891.]

## H. P. DEDMON ET AL., APPELLANTS, *v.* DAVID MOFFITT ET AL., RESPONDENTS.

APPEAL — OMITTED FINDINGS — SHOWING OF MATERIALITY. — A judgment will not be reversed merely for the failure of the trial court to make findings upon certain issues, unless it appears that sufficient evidence was presented to authorize a finding thereon, and unless it also appears that the issue was of such a nature that the finding which it is claimed should have been made would have the effect to countervail other findings in the record to such an extent that the judgment thereon would be invalid.

ID. — DIVERSION OF WATER — INJUNCTION — IMMATERIAL OMISSION IN FINDINGS. — In an action for damages for the wrongful diversion of water, and to restrain the future diversion of the same, where the trial court found that all of the defendants but one had the right, as against the plaintiffs, to divert the water in the mode and to the extent in which they were diverting it, and the other defendant was enjoined from diverting the water, findings upon issues as to whether all of the defendants threatened any further diversion, and as to the extent, time, and amount of the plaintiffs' appropriation, there being no question as to the relative rights of the parties, are immaterial, and the failure to find thereon will not justify a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin,* for Appellants.

A threatened trespass, resulting in irreparable injury, is properly the subject of injunction. (High on Injunc-

tions, secs. 21, 426; *McArthur* v. *Kelly*, 5 Ohio, 154; *Hillman* v. *Newington*, 57 Cal. 62; *Daubenspeck* v. *Grear*, 18 Cal. 443; Code Civ. Proc., sec. 526.) Plaintiffs are entitled to a finding upon the question of threatened diversion, and the court having failed to find thereon, except as to defendant Goble's use of the "northwest" ditch, the judgment should be reversed. The failure to find upon a material issue is ground for reversal. (*Learned* v. *Castle*, 67 Cal. 41; *Savings and Loan Society* v. *Thorne*, 67 Cal. 53; *Walker* v. *Brem*, 67 Cal. 599.)

*John Gale,* for Respondents.

The court found that the acts complained of were not unlawful; that the defendants had done no more than to rightfully use their own property, and it was not necessary or proper for it to find whether the defendants intended or threatened to continue to use their own property.

The COURT. — The plaintiffs, claiming to have acquired by prior appropriation the waters of Adam's Creek and its tributaries in Sierra County, commenced this action against the defendants to recover damages for a diversion of said water, and to restrain them from further diverting the same. The case was tried by the court, and judgment rendered in favor of the plaintiffs, against the defendant Goble, and in favor of the other defendants. The findings are very elaborate and carefully prepared, and appear to give a history of the appropriation of the waters in question by the several parties to the action and their predecessors in interest for a period of twenty years. The plaintiffs moved for a new trial, upon a statement of the case, upon the ground of the insufficiency of the evidence to justify the findings, and that the same are against law, and assign as a particular error that the evidence was insufficient to justify the eighteenth finding of fact.

It is a sufficient answer to this assignment of error that the finding itself is not upon a material issue in the case, and that the judgment does not depend upon this finding. Irrespective of this, however, the evidence of Horton and Moffitt, found in the statement, tends to support the finding, and in the absence of direct evidence to the contrary, was sufficient to justify the court therein.

Appellants ask a reversal of the judgment for the reason that the court has failed to make findings upon certain material issues in the case. A judgment will not, however, be reversed merely for the failure of the court below to make findings upon any issue presented in the case, unless it shall be made to appear to this court that there was evidence presented to that court upon such issue sufficient to authorize it to make a finding thereon. It must also appear that the issue upon which the evidence was given was of such a nature that the finding which the appellant claims should have been made would have the effect to countervail other findings in the record to such an extent that the judgment thereon should be invalid. (*Himmelman* v. *Henry,* 84 Cal. 104; *Winslow* v. *Gohransen,* 88 Cal. 450.)

It appears from the evidence set out in the statement that the south ditch of the plaintiffs was deprived of water during a portion of the irrigating season of 1887, and that the plaintiffs were not able to irrigate as much of their land during that season as they had been accustomed to irrigate in previous seasons. The court found that whatever diversion of the water was made by the defendants, other than the defendant Goble, was rightfully made by them. It also found that during the greater portion of the period covered by the complaint the defendant Goble diverted through his northwest ditch a quantity of water from the creek greater in amount than would have been sufficient to fill all of the plaintiffs' ditches; and as such diversion was in viola-

tion of the plaintiffs' right, the court enjoined Goble from further diversion of water through his northwest ditch. Inasmuch as whatever diversion was made by the defendants, other than Goble, was rightfully made, and as Goble was enjoined from diverting water through his northwest ditch, the plaintiffs obtained all the relief to which they were entitled.

When the court had found that the defendants, other than Goble, had the right, as against the plaintiffs, to divert the water in the mode and to the extent in which they were diverting it, the plaintiffs were not entitled to a finding that they threatened any further diversion, as it would not invade their rights. So, too, the extent to which the plaintiffs had appropriated the waters of the creek, or the precise time at which they had completed their ditch, or the amount of water which flowed in it at any particular date, was immaterial, so long as any act of the defendants in reference to such water was not an invasion of their rights. If the plaintiffs do not claim that the findings of the court respecting the relative *rights* of the parties to divert the waters of the creek were erroneous, it was unnecessary for it to find the time at which the defendants made any specific amount of diversion, or the extent to which the plaintiffs could fill their ditches. As the plaintiffs have not set forth in the statement any evidence affecting the correctness of the above findings, any further findings upon issues which would not impair the sufficiency of these findings to support the judgment would be immaterial, and the failure to make such findings does not justify a reversal of the judgment.

It is also urged that certain findings made by the court are inconsistent, and that for this reason the judgment should be reversed. We have carefully examined the findings, and are unable to see that there is any inconsistency in them upon any material point, or which would justify a reversal of the judgment. The case ap-

pears to have been fully tried by the court below, and the findings appear to have been carefully prepared, and to show the several rights of the respective parties to the waters in question, and to fully sustain the judgment of the court.

The judgment and the order denying the motion for a new trial are affirmed.