[L. A. No. 1661. In Bank.—April 2, 1907.]

RALPH W. SCHOONOVER, Trustee, etc., of Mary E. Birnbaum, Bankrupt, Respondent, v. JAMES BIRNBAUM, Appellant.

PARTITION—FINDING OF PLAINTIFF'S OWNERSHIP—POSTPONEMENT OF SALE—LITIGATION WITH THIRD PARTY.—In an action for partition of land, of which the court found that the plaintiff was an owner of an undivided interest, the fact that the title of the plaintiff was in dispute in an action with a third party is not a reason for postponing the sale of the entire land under the interlocutory decree. Such fact was not available as ground for a plea in abatement to the action for partition, since neither parties nor subject-matter were the same in the two actions; and if, for any reason, the price realized was so low as to justify the court in concluding that the sale had not been fair to all parties concerned, confirmation would be refused and a resale ordered.

APPEAL FROM JUDGMENT—FAILURE TO FIND ON ISSUE—PRESUMPTION—EVIDENCE.—On an appeal from a judgment on the judgment-roll alone, the judgment will be affirmed if supported by findings actually made, and the want of a finding on an issue will be presumed, in the absence of a showing to the contrary, to be the result of a failure to offer any evidence in support of such issue.

APPEAL from a judgment of the Superior Court of Santa Barbara County. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Ralph W. Schoonover, and Richards & Carrier, for Respondent.

SLOSS, J.—The plaintiff is trustee of the estate of Mary. E. Birnbaum, a bankrupt. Claiming, as such trustee, to own the undivided one half of certain premises, he brought this action for partition. The defendant appeals from an interlocutory decree directing a sale of the premises. The allegations of the complaint were all found by the court to be true. Taken alone, they were sufficient to justify the granting of the interlocutory decree, and the only question is whether the relief sought should have been withheld by reason of further findings in favor of affirmative allegations made by the answer. The answer alleged that prior to the making of the order adjudging Mary E. Birnbaum a bankrupt, she and defendant were the owners of the premises in question as tenants in common; that while they were such owners, and in possession, said Mary E. Birnbaum executed and recorded a declaration of homestead upon said premises; that after the adjudication of bankruptcy, and before the commencement of this action, the plaintiff, as trustee, had commenced an action against said Mary E. Birnbaum to recover the undivided one half of said premises; that in that action the plaintiff had recovered judgment, from which Mary E. Birnbaum had appealed, her appeal being, as alleged in the answer, still pending and not likely to be determined within two years.

It is not claimed that these allegations constituted any defense to the action. The extent of appellant's contention is that the matters set up in his answer furnished ground for postponing a sale in the present suit until the action of the plaintiff against Mary E. Birnbaum should be finally determined. But we see no ground for upholding this view. The court found that plaintiff was the owner of an undivided

interest in the property, and such ownership entitled him to partition. The findings as to the former suit and the facts upon which it was based are not inconsistent with the finding of plaintiff's ownership. At most the title was in dispute between plaintiff and a third party. (It may be remarked incidentally that since the making of the interlocutory decree here appealed from this court has affirmed the judgment in the suit between plaintiff and Mary E. Birnbaum, holding that the latter's claim of homestead was invalid because attempted to be attached to an undivided interest. (*Schoonover* v. *Birnbaum,* 148 Cal. 548, [83 Pac. 999].) The fact that the plaintiff's claim of title was being litigated between himself and a third party had no bearing upon his right to the relief here sought. The pendency of such other action was not available as ground for a plea in abatement, since neither parties nor subject-matter were the same in the two actions. (*Heilbron* v. *Canal Co.,* 75 Cal. 426, [7 Am. St. Rep. 183, 17 Pac. 535].) Nor is there any force in the argument that the effect of the pending litigation would be to greatly lessen the price which the property would bring at partition sale. Whether litigation affecting the title of one cotenant would have this effect is matter of conjecture. But if it should have this result, all parties are fully protected without delaying the sale. No sale made would be valid until reported to and confirmed by the court (Code Civ. Proc., secs. 784, 785), and if, for any reason, the price realized was so low as to justify the court in concluding that the sale had not been fair to all parties concerned, confirmation would be refused and a resale ordered. (See *Dunn* v. *Dunn,* 137 Cal. 51, [69 Pac. 847].)

In this discussion we have not noticed the allegations of defendant's answer to the effect that if there were a sale of the property prior to the final determination of the litigation between plaintiff and Mary E. Birnbaum, the property would bring no more than one half of its actual value. The court made no finding on these allegations. We do not decide that if findings had been made sustaining these averments they would have furnished ground for postponing the sale. But on this appeal, which is on the judgment-roll alone, these allegations cannot, in the absence of a finding, be considered. The judgment will be affirmed if supported by findings act-

ually made, and the want of a finding on an issue will be presumed, in the absence of a showing to the contrary, to be the result of a failure to offer any evidence in support of such issue. (*Himmelmann* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Hawes* v. *Clark,* 84 Cal. 272, [24 Pac. 116]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Dedmon* v. *Moffitt,* 89 Cal. 211, [26 Pac. 800]; *Dolliver* v. *Dolliver,* 94 Cal. 642, [30 Pac. 4]; *Stewart* v. *Hollingsworth,* 129 Cal. 177, [61 Pac. 936].)

The decree appealed from is affirmed.

Angellotti, J., Shaw, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.