## Christ Reformed Church *v.* Clark, Appellant.

*Vendor and vendee—Marketable title—Disputed title—Pending eject-
ment.*

A vendee of land under articles of agreement will not be required to
take title to the land in question, and may recover the hand money
paid on such articles, where it appears that the title is disputable, and
that there is pending against the vendor an action of ejectment to deter-
mine the vendor's title to the real estate in question. A title to real
estate is not marketable where it exposes the party holding it to liti-
gation.

Argued April 13, 1911. Appeal, No. 54, April T., 1911,
by defendant, from judgment of C. P. No. 1, Allegheny Co.,
June T., 1905, No. 90, on verdict for plaintiff in case of
Christ Reformed Church of Pittsburg v. James M. Clark.
Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER
and PORTER, JJ. Affirmed.

Assumpsit to recover hand money paid under articles of
agreement. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $662.50. Defend-
ant appealed.

*Error assigned* was in giving binding instructions for
plaintiff.

*George C. Bradshaw,* for appellant.—The mere entry of
an ejectment suit, without regard to the facts on which
the ejectment is founded, does not render a title unmarket-
able: Speakman v. Forepaugh, 44 Pa. 363; Swisshelm's
App., 56 Pa. 475; Swayne v. Lyon, 67 Pa. 436; Ludwick v.
Huntzinger, 5 W. & S. 51; Bumberger v. Clippinger, 5 W.
& S. 311; Colwell v. Hamilton, 10 Watts, 413; Aldrich
v. Bailey, 132 N. Y. 85 (30 N. E. Repr. 264); Simon v.
Vanderveer, 155 N. Y. 377 (49 N. E. Repr. 1043); Hayes
v. Nourse, 114 N. Y. 595 (22 N. E. Repr. 40).

*W. H. S. Thomson,* of *Thomson & Thomson,* with him *S. M. Myers,* for appellee.

OPINION BY PORTER, J., July 13, 1911:

The plaintiff, on March 10, 1905, brought this action to recover the hand money paid defendant upon an executory contract, dated May 7, 1904, for the purchase of real estate. The defendant concedes that under the terms of the written agreement he was required to convey to the plaintiff a marketable title to the property. The evidence disclosed that the plaintiff had actually made the cash payment of $500 required by the agreement, at the date of the execution thereof; that its attorney after an examination of the record advised it that the title was not marketable and that it thereupon refused to take the property and demanded the return of the cash payment. The learned judge of the court below held that the evidence established that the title was not marketable and instructed the jury that the plaintiff was entitled to recover, and subsequently entered judgment on the verdict. The defendant appeals from that judgment.

The defendant had purchased the property at sheriff's sale on May 6, 1904, when it was sold as the property of Joseph W. Moffitt under proceedings upon a mortgage given by Moffitt to James Mevey, but the sheriff's deed was not delivered until June 13, 1904. The parties acting for the church, the plaintiff, and the attorneys engaged in the examination of the title were notified that Moffitt and certain parties to whom he had conveyed parts of the premises asserted title to the property, and the parties making this assertion brought an action of ejectment against the defendant on July 22, 1904. The defendant was notified on July 27, 1904, that the attorneys for the church, the purchaser, had pronounced the title unmarketable. The defendant caused this first action of ejectment to be non-prossed, on August 2, 1904, because of the failure of the plaintiffs in that action to file their abstract of title. The defendant, without having given any

representative of the plaintiff notice that the first action of ejectment had been thus disposed of, tendered a deed to a representative of the plaintiff on August 3, which that representative did not accept but later reported that fact to the attorneys who had examined the title. The attorneys for the purchaser again proceeded to examine the title but before the work was completed, on August 15, 1904, Joseph W. Moffitt and others brought an action of ejectment against this defendant and B. M. Clark and M. D. Clark, administrators of the estate of Margaret D. Clark, deceased. The plaintiffs in that action filed a statement averring that the defendant, who was acting as attorney for B. M. Clark and M. D. Clark, administrators of Margaret D. Clark, in the action under which the property of Joseph W. Moffitt was sold at sheriff's sale, had, prior to the sale, refused to accept the money then due upon the judgment, which was tendered to him, and had induced a certain bidder to refrain from bidding at said sale by the promise that he, this defendant, would buy in the property and convey it to the former owners upon payment of the amount due upon the mortgage under which the sheriff's sale was to take place; that after thus procuring the property to be sold at a low figure and himself buying it in, this defendant had refused to comply with the said agreement and had taken possession of the property. This appellant and those who were codefendants with him in that action of ejectment joined in defending the action and filed an abstract of title, averring that this appellant had in the proceeding which resulted in the sheriff's sale of the property acted as the attorney for B. M. Clark and M. D. Clark, the administrators of Margaret Clark, deceased, and that he had purchased said real estate and held it in trust for said administrators. The record of the action of ejectment was in this condition when the attorneys of the plaintiff advised that the title was not marketable and a representative of the plaintiff notified the defendant that the plaintiff finally refused to take the

property and demanded the return of the cash payment. The defendant refused to return the hand money and the plaintiff subsequently brought this action to recover it.

In equity a marketable title is one in which there is no doubt involved, either as to matter of law or fact: Herman v. Somers, 158 Pa. 424. "Every title is doubtful which invites or exposes the party holding it to litigation. In the opinion of the court it may be good, but if its validity depends upon some facts resting in the knowledge of some party or writing not before the court; if there be a color of outstanding title which may prove substantial, though there is not enough in evidence to enable the chancellor to say that it is so, a purchaser will not be held to take it, and encounter the hazard of litigation with an adverse claimant:" Speakman v. Forepaugh, 44 Pa. 363. "It has been well and wisely settled that under a contract for the sale of real estate, the vendee has the right not merely to have conveyed to him a good but an indubitable title. Only such a title is deemed marketable; for otherwise the purchaser may be buying a lawsuit, which will be a serious loss to him both of time and money, even if he ultimately succeeds. Hence, it has been often held that a title is not marketable where it exposes the party holding it to litigation:" Swayne v. Lyon, 67 Pa. 436. The testimony in this case is quite sufficient to bring it within the principles recognized in the cases above cited and there was no error in the action of the court below in holding that the title of this appellant to the property was not marketable at the time the plaintiff refused to accept it and demanded the return of the purchase money paid. The plaintiff offered in evidence the record in the pending proceeding in ejectment, which disclosed that there was not only danger of litigation, but that the litigation had actually been commenced. Had the church accepted the property it would not merely have been taking a remote chance upon litigation but would necessarily and immediately have had a lawsuit upon its hands. The record offered in evidence disclosed

that the plaintiffs in ejectment were asserting that the sheriff's sale was void because of fraud upon the part of the purchaser. It also disclosed, it is true, that the defendants in that action expressly denied the facts upon which the allegation of fraud was based, but this raised an issue of fact and the ultimate determination of that issue was necessarily a matter of doubt. Had the evidence disclosed that the plaintiff in the present action had in any manner been instrumental in procuring the action of ejectment to be brought an entirely different question would have been presented. This plaintiff had nothing to do with the plaintiffs in the action of ejectment and no control over them. We are of opinion that there is nothing in this case which would warrant us in holding that the appellee was required to accept, as marketable, this title which was already involved in litigation. The statement filed by the plaintiffs in ejectment would have warranted a recovery by them in that action if sustained by evidence, the pendency of the action was notice to the proposed purchaser, and this appellee had the right to decline to become a party to the controversy, the result of which was necessarily uncertain. The question at issue in the action of ejectment was not one of law but of fact, the determination of which was dependent upon the testimony to be produced at a future trial. This appellee was not bound to await indefinitely the result of that trial.

The judgment is affirmed.