[L. A. No. 2627.    Department Two.—October 3, 1911.]

## M. RANDALL, Appellant, v. JANE WASHINGTON et al., Respondents.

DEED TO MARRIED WOMAN—PRESUMPTION OF SEPARATE PROPERTY—CONCLUSIVENESS OF PRESUMPTION IN FAVOR OF BONA FIDE PURCHASER.—A deed of grant for a valuable consideration, executed in March, 1906, conveying land to a married woman, is presumed to vest the title thereto in her as her separate property, and such presumption is conclusive in favor of her grantee, who purchased from her in good faith, and for a valuable and adequate consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

M. Randall, Appellant *in pro. per.*

Charles S. Darden, for Respondents.

THE COURT.—This action was brought to quiet title to realty. Plaintiff's title was acquired by deed from Lemuel Donaldson and Delcia Donaldson, his wife, of date May 1, 1908. Defendants' title comes from a deed of the wife Delcia alone. Delcia Donaldson, such are the facts and the findings, acquired title to the property from the Golden State Realty Company by deed of March 3, 1906. The deed was a deed of grant for a valuable consideration and was duly recorded. Title thus stood of record in Delcia Donaldson for a year and ten months, when on December 6, 1907, she conveyed the property for a valuable consideration to the defendant Jane Washington. The court further found that Jane Washington took title in good faith and for a valuable and adequate consideration. The disputable presumption that title to the land in question vested in Delcia Donaldson as her separate property thus became a conclusive presumption in favor of the defendant Jane Washington and the court rendered its judgment accordingly.

Upon this appeal a successful effort is made to show that the property was in fact acquired by the earnings of the husband, Lemuel Donaldson, but no success attends the effort of appellant's counsel to show, and no evidence supports his statement to the effect that defendant was not a purchaser in good faith and for a valuable consideration.

The judgment and order appealed from are therefore affirmed.

Hearing in Bank denied.