[L. A. No. 3510. Department Two.—January 31, 1914.]

## In the Matter of the Estate of JOHN E. SHIREY, Deceased.

ESTATE OF DECEDENT—ASSIGNING WIDOW ESTATE OF FIFTEEN HUNDRED DOLLARS—TENANCY IN COMMON—FINDINGS.—Upon an application by a widow to have the estate of her husband set aside to her as not exceeding fifteen hundred dollars in value, the ultimate fact for the court to determine is the value of the estate; and if heirs of the husband contest her application on the ground that the husband and wife were tenants in common in certain property which has not been appraised, and that the estate is of greater value than fifteen hundred dollars, but the court finds the value to be less than fifteen hundred dollars and sets aside the entire estate to the widow, its order will not be disturbed, upon appeal taken upon the judgment-roll alone, for failure to find as to the alleged tenancy in common.

ID.—APPEAL — FINDINGS — PRESUMPTION OF TRUTH—SUFFICIENCY OF EVIDENCE.—The findings in such case must be presumed to speak the truth, and the insufficiency of the evidence to support them may not be reviewed in the absence of a bill of exceptions.

ID.—OMISSION TO FIND ON ISSUE—PRESUMPTION OF FAILURE OF EVIDENCE.—Omitting to find on any issue in such case will be presumed, in the absence of a contrary showing, to result from the failure to offer any evidence in support of such issue.

ID.—TENANCY IN COMMON—PRESUMPTION WHEN PROPERTY CONVEYED TO HUSBAND AND WIFE.—The presumption declared by section 164 of the Civil Code that a conveyance to husband and wife creates a tenancy in common, is not conclusive in favor of such contestants. It is therefore competent for the widow to testify that such property is community and that she declared a homestead thereon.

ID.—HOMESTEAD ON COMMUNITY PROPERTY—NECESSITY OF INCLUDING IN INVENTORY.—Where a wife declares a homestead on community property, it vests in her absolutely, upon the death of her husband, without administration, and it need not be inventoried in administering his estate.

APPEAL from an order of the Superior Court of Los Angeles County assigning the entire estate of a decedent to his widow. James C. Rives, Judge.

The facts are stated in the opinion of the court.

W. G. Van Pelt, and Earl Curtis Peck, for Appellants.

E. W. Sargent, and W. G. Cooke, for Respondent.

MELVIN, J.—This is an appeal by two of the sisters of John E. Shirey, deceased, from an order of the superior court made by authority of section 1469 of the Code of Civil Procedure, assigning the whole of the estate to Jennie S. Shirey, the respondent, the widow of said John E. Shirey.

Respondent was administratrix of the estate. After the filing of the inventory and appraisement, showing that the estate was community property and was of less value than one thousand five hundred dollars, the widow petitioned to have the whole of it assigned to her. Appellants filed an opposition to such assignment, alleging that the estate was of greater value than one thousand five hundred dollars, and that because the interest of John E. Shirey as tenant in common of a certain piece of real property had not been appraised, the apparent value of the estate was less than one thousand five hundred dollars. The widow answered, admitting that in 1905 she and John E. Shirey, her husband, had acquired title to the premises described in the contest, being two lots in the McDonald tract in the county of Los Angeles, but alleging that the property was purchased with funds of the marital community and that all money expended on improvements on the land had been her separate property. She advanced the claim that the said realty was community property and alleged that she had declared a homestead thereon in the lifetime of her husband. Upon the issues thus framed the court heard the objections of the appellants; found the value of the estate to be one thousand and ninety-five dollars, the exact amount specified in the original appraisement; and set aside the entire estate to the widow. There is no bill of exceptions, the appellants coming here upon the judgment-roll alone.

The contention of appellants is that upon the face of the record John E. Shirey and Jennie S. Shirey were tenants in common, and that decedent's interest therein must be inventoried. Having alleged in the pleading that the interest was of that sort, they assert that they were entitled to a finding either that the decedent was or was not a tenant in common with his wife at the time of his death. In this they are mistaken. The ultimate fact which the court was to determine was the value of the estate. That was found against their contention. No testimony given at the trial appears

upon the record and there is nothing to show a request for a finding by the court of the kind of interest possessed by John E. Shirey in the homestead property; nor was there apparently any exception in the court below to the sufficiency of the findings. The findings must be presumed to speak the truth, and the insufficiency of the evidence to support them may not be reviewed in the absence of a bill of exceptions. Omitting to find on any issue will be presumed in the absence of a contrary showing, to result from the failure to offer any evidence in support of such issue. (*Schoonover* v. *Birnbaum,* 150 Cal. 736, [89 Pac. 1108].)

Appellants rely upon the presumption declared by section 164 of the Civil Code that a conveyance to a married woman and her husband creates a tenancy in common. As they are neither purchasers nor encumbrancers this presumption is not conclusive in their favor. It was therefore competent for the administratrix to show that the homestead was declared upon land which was in reality community property. Such a homestead need not be inventoried (Civ. Code, sec. 1265, and Code Civ. Proc., sec. 1474), but vests absolutely upon the death of the husband in the surviving wife without the necessity of administration. (*Saddlemire* v. *Stockton Savings & Loan Society,* 144 Cal. 651, [79 Pac. 381]; *Hart* v. *Taber,* 161 Cal. 20, [118 Pac. 252]; *Wall* v. *Brown,* 162 Cal. 308, [122 Pac. 478].) If in fact the court determined from the evidence that the homestead was impressed upon community property as alleged by the administratrix in her reply to the contest, it would follow that there was no necessity for including that property in the inventory, and such a conclusion would support the only necessary finding in the contest, which was the value of the estate. But we cannot say, in the absence of a bill of exceptions, that the matter of the tenure of the homestead property was litigated at all.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.