[Civ. No. 1480.   First Appellate District.—March 23, 1915.]

## JESSIE B. AGNEW et al., Respondents, v. J. M. NELSON et al., Appellants.

CONTRACTS—SALE OF REAL ESTATE—ACTION TO RECOVER DEPOSIT—DE-FECTIVE TITLE—FINDINGS.—In an action to recover from a real estate broker a deposit received by him from the purchaser under a contract of sale of real estate which provided that if plaintiff's title to the property did not prove good, the deposit should be returned to the purchaser, on appeal from the judgment on the judgment-roll alone, without the evidence, it must be assumed that the findings of the trial court to the effect that objections to the title to the property had no foundation in fact were correct.

ID.—SUFFICIENCY OF FINDINGS—TITLE FREE FROM OBJECTIONS.—In such a case a finding that objections to the title were not "good or valid" must be construed in connection with the further finding that "the said title to the said property was good and merchantable," and so construed it means that the plaintiff's title was in fact free from valid existing objections.

ID.—"MERCHANTABLE" TITLE—MEANING OF.—The word "merchantable" is usually, if not exclusively, employed in mercantile contracts and strictly speaking signifies the salability of merchandise with regard to quality or medium quality of goodness. The word "merchantable" used in such findings is synonymous with the word "marketable" as used in reference to title to real property, and means a good and perfect title free from any reasonable objection.

APPEAL from a judgment of the Superior Court of Santa Clara County.   P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Robert R. Syer, C. L. Witten, Owen D. Richardson, and P. A. Bergerot, for Appellants.

Fry & Jenkins, for Respondents.

THE COURT.—This action was instituted by the plaintiffs against the defendant Nelson to recover the sum of one thousand dollars.   The plaintiffs' cause of action rested upon a common count for moneys had and received.   The defendant Nelson by his answer denied having received any money for the use and benefit of the plaintiffs; and pleaded as a

further defense the execution of a contract by himself, as the agent of the plaintiffs, with one B. Cassou for the purchase and sale of certain real estate for an agreed price, under the terms of which the defendant received from Cassou the sum of one thousand dollars as a deposit and as part payment on the purchase price of the property. The defendant's answer further alleged that the contract of purchase and sale provided that if the plaintiffs' title to the property which was the subject-matter of the contract did not prove good the deposit and part payment of one thousand dollars was to be returned to Cassou; that the plaintiffs' title to the property was found to be defective, and that therefore Cassou demanded of the said defendant the return of the one thousand dollars. Because of these facts the answer of the defendant Nelson averred that the rights of all of the parties to the transaction in suit could not be fully and rightfully determined without the presence of Cassou as a party to the action. Accordingly Cassou was made a party defendant.

The defendant Nelson counterclaimed against Cassou in the sum of one thousand dollars for services alleged to have been rendered the latter.

Cassou, answering the plaintiffs' complaint and the cross-complaint of the defendant Nelson, averred that under the terms and conditions of the contract of purchase and sale he was entitled to a return of the one thousand dollars paid by him to the defendant Nelson because of certain defects in the plaintiffs' title to the property, which defects, it was alleged, had been in writing specifically called to the attention of the plaintiffs. Incidentally Cassou counterclaimed against the defendant Nelson, but inasmuch as the issues raised as between these defendants by their respective pleadings are not involved upon this appeal they need not be narrated.

It will be noted that of the several objections alleged to have been originally made to the plaintiffs' title to the property by Cassou only two were alleged in his answer to be in actual existence and not removed at the time of the commencement of the action. The trial court found that these two objections were not "good or valid, and that the said title to said property was good and merchantable."

Judgment was entered for the plaintiffs and against the defendant Nelson for the sum of one thousand dollars. The judgment declared that "the claim of the defendant Cassou

was without right and that he had forfeited to the plaintiffs the one thousand dollars deposited with and paid to the defendant Nelson under the terms of the contract."

Both defendants have appealed from the judgment upon the judgment-roll alone.

The only point made in support of the appeals is that the findings are insufficient to support the judgment because the court failed in so many words to find whether or not the two alleged unremoved and existing objections finally interposed by the defendant Cassou to the plaintiffs' title to the real property involved in the transaction were true and well founded at the time the plaintiffs tendered and the defendant Cassou refused to accept a deed to the property. The evidence upon which the findings are based not being before us we are unable to say whether or not the objections made to plaintiffs' title were good or valid, and in the absence of the evidence the finding that such objections were not good or valid will be deemed to be correct. But conceding that the objections to plaintiffs' title finally interposed and relied upon by the defendant Cassou would have been, if true in fact, sufficient to have warranted him in refusing to conclude the purchase of the property, still we are of the opinion that the findings as a whole are to the effect that such objections had no foundation in fact. The finding that those objections were not "good or valid" must be considered and construed in connection with the further finding that "the said title to said property was good and merchantable." The word "merchantable" is usually if not exclusively employed in mercantile contracts, and strictly speaking signifies the salability of merchandise with regard to "quality or medium quality of goodness." (*Pacific Elevator Co.* v. *Bravinder*, 14 Wash. 315, [44 Pac. 544] ; *Riggs* v. *Armstrong*, 23 W. Va. 760.) We have no doubt, however, that the word "merchantable" as used in the findings of the trial court, was, under the circumstances of the present case, intended to be, and may fairly be said to be, synonymous with the word "marketable" as usually applied and ordinarily understood when used with reference to the title to real property. A "marketable title" to real property is one in which there is no doubt involved, either as a matter of law or of fact. (*Herman* v. *Somers*, 158 Pa. 424, [38 Am. St. Rep. 851, 27 Atl. 1050].) In other words, a "marketable title" is a "good and

perfect title''; and a good and perfect title has been defined to be one which is apparently and in fact free from any reasonable objection. (*Peckham* v. *Stewart,* 97 Cal. 147, [31 Pac. 928].) The nonexistence in point of fact of the two objections interposed to the plaintiffs' title would be not only consistent with but follows as a necessary inference from the findings as made. This being so, we may construe the findings as a whole to mean that the plaintiffs' title was in fact free from valid existing objections. (*Emmal* v. *Webb,* 36 Cal. 197.)

The issue as to the actual existence of valid objections to plaintiffs' title was made by the answer of the defendant Cassou, which among other things alleged ''that some of the said defects were still in existence on or about May 27, 1912''; and the burden was upon the defendant Cassou to show not only valid but subsisting objections to plaintiffs' title. (Maupin's Marketable Title, 784.) The appeals having been taken upon the judgment-roll, we must assume that if an express finding as to the existence of the alleged defects in plaintiffs' title was necessary, the trial court failed to so find because of the absence of any evidence upon that issue of the case. (*Shirey's Estate,* 167 Cal. 193, [138 Pac. 994]; *Schoonover* v. *Birnbaum,* 150 Cal. 734, [89 Pac. 1108].)

The judgment appealed from is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on April 22, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1915.