[No. 1848, August 30, 1916.]
## STATE NATIONAL BANK OF ARTESIA v. TRAYLOR et al.

### SYLLABUS BY THE COURT.

Sections 2757, 2758, and 2764, Code 1915, interpreted, and held that property acquired by the wife under the Desert Land Act of the United States (Act March 3, 1877, c. 107, 19 Stat. 377 [U. S. Comp. St. 1913, §§ 4674-4676]), for which she receives a patent, will be conclusively presumed, in favor of an incumbrancer in good faith and for a valuable consideration, to be her separate property.

Appeal from District Court, Eddy County; G. A. Richardson, Judge.

Action by the State National Bank of Artesia against Lucy A. Traylor and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. D. ATWOOD and J. H. JACKSON, both of Artesia, for appellant.

REID & HERVEY, L. O. FULLEN and J. M. DYE, all of Roswell, for appellees.

### OPINION OF THE COURT.

PARKER, J.—This is a suit to foreclose a mortgage. The decisive question in this case arises under the facts stated in the complaint, and it is whether the property described in the mortgage is conclusively presumed to be the separate property of Lucy A. Traylor, formerly Alice T. Anderson, wife of William T. Anderson. The principal facts alleged in the complaint are that some time prior to April, 1910, Lucy A. Traylor, then Alice T. Anderson, made entry of the mortgaged premises under the desert land laws of the United States; that thereafter, on April 1, 1910, a receiver's final certificate or receipt was issued to her for said lands; that on June 29, 1910, in order to secure the payment of a promissory note thereto-

fore executed by her to obtain money with which to make final proofs on her entry and final payment to the government, said Lucy A. Traylor, then Alice T. Anderson, executed in favor of appellant the mortgage heretofore mentioned, which said mortgage was accepted in good faith by appellant; that patent from the government of the United States issued to said Alice T. Anderson on November 11, 1911, and that during all of this time, from entry of the land until after the issuance of the patent therefor, Alice T. Anderson and William T. Anderson were husband and wife, but living separate and apart from each other. It is admitted by all the parties that title to the land in controversy was deraigned from the United States. Under these facts the trial court held that the complaint showed that the mortgaged premises were community property, hence the mortgage, in which the husband did not join, was without legal effect.

Under the law of this state all property owned before marriage and that acquired after marriage by either spouse by gift, devise, bequest, or descent constitutes the separate property of such spouse. Sections 2757 and 2758, Code 1915. All other property is community property. Section 2764, Code 1915. The section last mentioned, however, contains this provision:

"* * * But whenever any property is conveyed to a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property. And if the conveyance be to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common unless a different intention is expressed in the instrument, and the presumption in this section mentioned, is conclusive in favor of a purchaser or incumbrancer in good faith and for a valuable consideration. * * *"

From a mere reading of the statute it would appear that, in an action between husband and wife or their legal representatives, where the interests of purchasers and incumbrancers are not concerned, a prima facie presumption is raised that property acquired after marriage, but standing in the name of the wife, is her separate estate,

but the presumption is disputable and may be overcome by showing the true fact. However, wherever the rights of innocent purchasers or incumbrancers in good faith and for a valuable consideration are concerned, the presumption, arising by virtue of the grant having been made to the wife alone becomes conclusive and indisputable. Such has been the holding of the Supreme Court of California in all cases in which the statute was construed, which statute is the same as ours.

In Fanning v. Green, 156 Cal. 279, 282, 104 Pac. 308, 310, a suit to quiet title by administrator of a deceased husband against the administrator of the deceased wife, the court said:

"But the presumption so created is only a prima facie one, except in so far as purchasers and incumbrancers in good faith and for a valuable consideration are concerned. This is manifest from a reading of the statute. * * * Where the controversy is between the husband and the legal representative of the wife, the presumption 'may be controverted by other evidence, direct or indirect.'"

In Randall v. Washington et al., 161 Cal. 59, 118 Pac. 425, plaintiff brought suit to quiet title to certain lands. It appeared that in March, 1906, the Golden State Realty Company conveyed the premises to Delcia Donaldson, wife of L. Donaldson; that in December, 1907, Delcia conveyed the property to Jane Washington, one of the defendants, whom the court found was a purchaser in good faith and for a valuable consideration; and that, presumably, some time subsequent thereto, Delcia Donaldson and her husband conveyed the property to the plaintiff, Randall. The court said:

"The disputable presumption that title to the land in question vested in Delcia Donaldson as her separate property thus became a conclusive presumption in favor of the defendant Jane Washington, and the court rendered its judgment accordingly."

In Shaw v. Bernal, 163 Cal. 262, 124 Pac. 1012, the court said that the presumption was but a prima facie one

"except where a purchaser or incumbrancer in good faith and for a valuable consideration was concerned."

In Osborn v. Mills, 20 Cal. App. 346, 128 Pac. 1009 (1913), the court said that:

"Under section 164, Civil Code, the conclusive presumption of title arises only where the wife conveys to a purchaser or incumbrancer in good faith and for a valuable consideration."

In Re Shirey's Estate, 167 Cal. 193, 138 Pac. 994 (1914), the court also noted that where purchasers or incumbrancers in good faith and for a valuable consideration were concerned, the presumption was conclusive.

It is to be observed that the direct question as to whether land, acquired under the Desert Land Act of the United States by a married woman, is separate or community property is not involved. In this case, the land having been conveyed to the wife by an instrument in writing, and she having mortgaged the same to appellant, who took the same in good faith as security for a loan made to her to enable her to make final proof and payment for the land, the question is whether the presumption that the land is the wife's separate property is conclusive in favor of appellant under the provisions of section 2764, Code 1915. We hold that the presumption is conclusive.

It is likewise to be noticed that no question is made as to the validity of the mortgage because made before title had passed to the entrywoman if, indeed, any such question could be made.

Before concluding the discussion we wish to advert to the action of the trial court in sustaining a motion to make the complaint more definite and certain. The first amended complaint clearly stated a cause of action, but the court required plaintiff, by sustaining the motion, to plead whether the mortgagor was a married woman at the time she executed the mortgage, and whether she acquired the property by patent from the United States, or by gift, devise, bequest or descent. Probably the plaintiff waived the error of the court by pleading over, but we are at a loss to understand upon what theory the court sustained the motion, and thus required the plain-

tiff to bring into the case purely defensive facts, so that the defendants might challenge the same by demurrer, instead of by answer as would seem to have been proper and regular. As before stated, the plaintiff has probably waived the error, and what we say on this point is probably dictum; but as the case is to be remanded for trial, we deem it proper to refer to the matter to this extent.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded, with instructions to overrule the demurrers interposed by the appellees and to proceed with the case in accordance with this opinion; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.