[No. 1856, September 12, 1916.]

LUKINS v. TRAYLOR et al.

### SYLLABUS BY THE COURT.

1. Where a bona fide attempt has been made to perfect an appeal under the provisions of chapter 77, Laws 1915, and said provisions have been followed, the same will amount to showing of good cause which will defeat a motion by appellee to docket and affirm the judgment under the provisions of section 4490, Code 1915, notwithstanding the procedure should have been according to the law prior to the act of 1915, supra.

P. 209

2. Property acquired by the wife under Desert Land Laws of the United States (Act Cong. March 3, 1877, c. 107, 19 Stat. 377 [U. S. Comp. St. 1913, §§ 4674-4676]), will be conclusively presumed, in favor of an incumbrancer in good faith and for a valuable consideration, to be her separate property.

P. 209

Appeal from District Court, Eddy County; G. A. Richardson, Judge.

Action by F. J. Lukins against Lucy A. Traylor and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded, with instructions.

J. H. JACSON and J. D. ATWOOD, both of Artesia, for appellant.

R. C. REID of Roswell, for appellees.

### OPINION OF THE COURT.

PARKER, J.—On May 21, 1915, an appeal was granted to this court, which appeal, under the statute was returnable on September 28, 1915. At the time of the rendition of the judgment and the taking of the appeal the statute required the filing in the office of the clerk of this court, at least ten days before the return day of the appeal or writ of error, a transcript of the record and proceedings in the court below, and required the same to be printed in cases where the value of the property in dispute exceeded $1,000, of which class of cases this was one. See sections 4490 and 4503, Code 1915. At that time the rules of this court required the filing of ten printed copies of such transcript. See sub-section 4 of rule 13 (141 Pac. xiv) of this court, in force from and after April 15, 1912. In the meantime the Legislature had changed the law in regard to the filing of transcripts in this court and had provided, by chapter 77, Laws 1915, for the filing of three typewritten copies of the transcript of record, and ten copies of a printed abstract of the record. See sections 6 and 7, c. 77, Laws 1915. This act was approved March 16, 1915, and went into effect June 11, 1915.

It thus appears that after the taking of the appeal in this case, and before the return day thereof, the law had been entirely changed as to the requirements of printing the transcript of record, there being substituted therefor the requirement that an abstract of the record be prepared, printed, and filed. Counsel for appellant adopted the procedure under the new act and filed typewritten transcripts of the record and printed abstracts thereof, on the 23d day of September, five days before the return day of the appeal.

[1] A motion has been filed by the appellees to docket and affirm the judgment, based upon the theory that the old law, which was in force at the time the appeal was taken, is the law which governs the requirements as to perfecting the appeal, which law has not been complied with by the appellant. This application does not meet with favor at the hands of the court. The statute, authorizing such a procedure, provides that where the appellant or plaintiff in error fails to perfect his appeal in time the appellee or defendant in error may produce and file what is commonly called a skeleton record, and may move the court to docket the cause and affirm the judgment; and if it appear that a judgment was rendered and appeal or writ of error has been sued out therefrom, the court shall affirm such judgment, "unless good cause is shown to the contrary." Section 4490, Code 1915. In this case there was a bona fide attempt made by the appellant to perfect his appeal. All of the requirements of the new law (chapter 77, Laws 1915) were complied with. There was much confusion in the minds of practitioners as to the procedure required, and we deem, under the circumstances, that a bona fide attempt to perfect an appeal under the act of 1915 was a showing of good cause why a judgment should not be docketed and affirmed upon the motion of the appellee or defendant in error.

Assuming, without deciding, that the old law governs the procedure as to the perfecting of an appeal taken before the new law went into effect, in this case, it would be an idle ceremony to now require the printing of the transcript. We have before us three typewritten copies of the transcript and the printed copies of the abstract of record, and we will not, under these circumstances, require the transcript to be printed, as it will serve no useful purpose. It follows that the motion to docket and affirm should be denied.

[2] This case is identical in its facts with the case of State National Bank of Artesia, Appellant, v. Lucy A. Traylor et al., Appellees (No. 1848), 22 N. M. 187, 159 Pac. 1006, which has just been decided. The same procedure was had in this case as in that in regard to the

demurrers to the complaint, the amendment of the complaint, the demurrers to the amended complaint, and the judgment sustaining the demurrers.    For the reasons stated in the opinion in that case, the same result will follow in this case.

For the reasons stated, the motion to docket and affirm the judgment will be denied, and the judgment of the court below will be reversed and the cause remanded, with instructions to overrule the demurrers interposed by the appellees, and to proceed with the cause in accordance with this opinion.    And it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.