[Sac. No. 2469.    Department One.—January 19, 1918.]

## A. C. MOHR, Respondent, v. THE NORTH RAWHIDE MINING AND DEVELOPMENT COMPANY (a Corporation), et al., Appellants.

APPEAL—FAILURE TO FIND ON ISSUE—ERROR NOT SHOWN BY RECORD.— On an appeal on the judgment-roll alone, the record not showing that evidence was offered in support of an affirmative defense set up in the answer, failure to find on such issue cannot be held ground for reversing a judgment which is supported by the findings.

MINING CLAIM—ACTION TO QUIET TITLE—FINDINGS NOT INCONSISTENT. On appeal from a judgment declaring plaintiff to be the owner of an interest in a mining claim, a finding that the plaintiff had agreed to transfer his interest to one of the defendants for a certain sum which had not been paid or tendered, was in no way inconsistent with the findings and judgment in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Tuolumne County.    G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellants.

Wm. M. Sims, and Rowan Hardin, for Respondent.

SLOSS, J.—The defendants, the North Rawhide Mining and Development Company and Richard Chute, appeal from a judgment declaring that the plaintiff is the owner of an undivided interest in a certain mining claim.    The theory of the complaint was that the claim, which was originally owned by the Coast Development Company, was sold on execution; that the sheriff's deed was made to Chute, who took title in trust for the plaintiff and other execution creditors of said Coast Development Company; and that the appellant corporation took a conveyance of the claim from Chute with notice of plaintiff's equitable interest.    The findings followed the averments of the complaint.    The appeal is on the judgment-roll alone.

The appellants seek a reversal on two grounds.

1. It is claimed that the court should have made findings with respect to an affirmative defense set up in the answer. This point cannot be raised on the record before us. In the absence of a showing that evidence was offered in support of an issue tendered by the defendant, failure to find thereon will not be held ground for reversing a judgment which is supported by the findings made. (*Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66]; *Schoonover* v. *Birnbaum,* 150 Cal. 734, [89 Pac. 1108]; *Coats* v. *Coats,* 160 Cal. 671, 679, [36 L. R. A. (N. S.) 844, 118 Pac. 441].)

2. But, say the appellants, the findings actually made do not support the judgment. The court found that the plaintiff and Chute had made a written agreement regarding plaintiff's interest in the property, and it is claimed that this agreement destroyed plaintiff's right to assert ownership. If the finding, which is entirely outside the issues, may be considered at all (*Hall* v. *Arnott,* 80 Cal. 348, [22 Pac. 200]; *Griffith* v. *Happersberger,* 86 Cal. 605, [25 Pac. 137, 487]; *Rudel* v. *Los Angeles County,* 118 Cal. 281, [50 Pac. 400]), it was in no way inconsistent with the conclusions of law and judgment. By the writing in question the plaintiff simply agreed to transfer his interest in the mine to Chute, on payment of some four thousand three hundred dollars. The court found further, however, that no payment or tender of this amount, or any part thereof, had ever been made to the plaintiff. The transaction did not, therefore, deprive the plaintiff of his interest in the claim.

The judgment is affirmed.

Shaw, J., and Richards, J., *pro tem.,* concurred.