[Civ. No. 3463.  Third Appellate District.—April 5, 1928.]

EDITH L. REES, Respondent, v. W. S. VIEIRA et al., Appellants.

H. A. Gabriel and C. W. White for Appellants.

C. B. Sessions and David K. Watkins for Respondent.

HART, Acting P. J.—Plaintiff brought this suit to enforce the payment of a promissory note for the sum of $7,850, executed jointly by Eugene Joseph Wiegand and his wife, Mary Agnes Wiegand, in favor of Irrigosa Land Company, and, to that end, to obtain a decree foreclosing a mortgage at the same time given by the makers of said note on a tract of land, situate in Madera County, and containing 123½ acres, to secure the satisfaction of said obligation. The case was tried on the complaint and the amended answer thereto. The action was dismissed as to certain of the defendants, some of whom were fictitiously named in the complaint. Upon general findings in favor of the plaintiff, judgment was entered against the remaining defendants, W. S. Vieira, A. Manaschian, Paul C. Manoogian, and K. P. Michaelian, for the principal sum ($7,850), together with accrued interest in the sum of $1,442.50 on the principal sum, the two aggregating, in amount, the sum of $9,292.50, and also foreclosing the said mortgage and ordering the sale of the mortgaged property.

This appeal is by the defendants, W. S. Vieira and his wife, Mamie A. Vieira, from the judgment, on the judgment-roll alone.

The note in suit and the mortgage given to secure the same were, as is usual in such cases, simultaneously executed in favor of and delivered to Irrigosa Land Company a corporation, by Eugene Joseph Wiegand and his wife, Mary Agnes Wiegand, for the sum of $7,850. The instruments were dated April 3, 1919, and the note was to mature and become payable on or before the first day of October, 1920. The real property upon which the mortgage was given was, at the time of the execution and delivery thereof, as indicated, owned in fee simple by said Wiegand and his said wife. On or about February 10, 1920, said Irrigosa Land Company assigned and transferred said promissory note and said mortgage to the plaintiff herein, and the complaint alleges that "plaintiff ever since has been and is now the lawful owner and holder of said promissory note and said mortgage."

On the sixth day of April, 1920, the defendant W. S. Vieira, succeeded by purchase to the title and interest of said Wiegand in and to the mortgaged land, subject to said note and mortgage, and assumed and agreed to pay said note and so satisfy or discharge said mortgage.

In view of the conclusion at which we have been required by the record to arrive relative to this appeal, it is unnecessary to recount herein in detail other transactions relating to said land following that of the acquisition thereof by Vieira and others. It is sufficient to explain generally that the complaint states that Vieira and one Titman and his wife entered into a contract, whereby the latter, upon certain specified conditions, and subject to the note and the mortgage in suit, purchased said land; that subsequently said Titman and wife sold and assigned said contract to A. Manaschian and several other Armenians, who became thereby the joint owners of said contract. This transaction was, of course, subject to all the conditions set forth in said contract as it was originally framed and executed by the Titmans and Vieira, one of which conditions was that the sale was to be and was subject to the note and the mortgage which constitute the subject matter of this action; that said Manaschian and his associates, on purchasing

said contract, procured from the plaintiff an extension of time for the payment of said note to October 1, 1922; that, in the month of September, 1922, said Manaschian and associates secured from the plaintiff a further extension of the time for the payment of said note from October 1, 1922, to October 1, 1924.

The defendant Vieira and wife demurred to the complaint on the general ground and also set up as a further ground of demurrer the claim that the cause of action set forth in the complaint was barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. The demurrer was, however, subsequently withdrawn upon the stipulation of the parties, and thereafter the defendants answered, admitting certain and denying other material allegations of the complaint, and also setting up the plea of the statute of limitations as a bar to the cause of action stated in the complaint.

The trial court, as above stated, found generally that the facts pleaded in the complaint were true, but failed to make a finding on the special plea in bar set up by the defendants, the Vieiras. This omission in the decision furnishes the ground for the single point upon which the appealing defendants urge a reversal of the judgment.

It is obvious that upon the record before us, consisting, as it does, entirely of the judgment-roll, the point made by the appealing defendants, as above indicated, is not available as a ground for reversal.

The defendants first contend that the judgment is without validity because the findings are not in form legally sufficient, in that the mere general finding, as in that form of language the court in this case did find, "that all the allegations in plaintiff's complaint contained are true" does not legally measure up to a decision of the questions of fact which will support a judgment. The contention is devoid of merit. The cases of *Johnson* v. *Squires*, 55 Cal. 103, and *Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 322 [61 Pac. 1125], cited as in support of the point so urged, involve entirely different situations from that of the case here. The first-named case involved a contest between two conflicting claimants to the right to purchase state land, the contest having been referred, as is required in such cases, to the *nisi prius* court for trial. The case, after decision

by the state district court, was appealed to the supreme court, and in its decision reversing the judgment the latter court said that, since the Constitution (art. XVII, sec. 3) declares that "lands belonging to the state, which are suitable for cultivation, shall be granted *only to actual* settlers," the "facts as to the possession of the respective parties must be 'found' in all contested cases like the present." It will be perceived that the very nature of such an action would of necessity require the finding of the facts necessary to determine which of the parties is "the actual settler." In the other case mentioned (*Krug* v. *F. A. Lux Brewing Co.*) the only findings were: "That all the allegations of plaintiffs' complaint in said action are true. That all the allegations of defendant's answer in said action, so far as they are inconsistent with the allegations of said complaint, are not true." The court, with eminent propriety, held that findings so framed and phrased were insufficient, saying that they "leave entirely undecided what allegations of the answer are inconsistent with the allegations of the complaint," citing a number of other California cases. In that same case, though, the court said that a finding that "all the allegations of the complaint are true and all the averments of the answer are untrue," is sufficient.

█ To the contention that the effect of the failure to find upon the special plea in bar of the action is to vitiate the force of the judgment, the ready answer is that this being an appeal upon the judgment-roll alone, the record is silent as to whether any evidence was offered and received to support that plea or affirmative defense, and that, in such a situation, the presumption is that no evidence was introduced upon that issue or defense and that, therefore, no finding thereon was required.

"A failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue." (Syllabus in *Winslow* v. *Gohransen*, 88 Cal. 450 [26 Pac. 504].) To the same effect are *Mohr* v. *North Rawhide Min. & Devel. Co.*, 177 Cal. 264, 265 [170 Pac. 600]; *Roberts* v. *Hall*, 147 Cal. 434, 439 [82 Pac. 66];

*Haun* v. *Rosenmayer,* 46 Cal. App. 353, 357 [189 Pac. 117]. There are numerous other cases which likewise hold, but the rule stated is so definitely settled and so familiar to the profession that it would be wholly supererogatory to name them herein.

There is nothing in the cases to which attention is called by counsel for defendants which is at variance with the conclusions above announced upon the record now before us.

The complaint in this action unquestionably (and in effect confessedly) states a cause of action for the relief sought, and, since (as has been shown) the court found that all the allegations of the complaint are true, it of necessity follows that the findings fully support the judgment in all essential particulars.

The judgment is affirmed.

Bartlett, J., *pro tem,* and Plummer, J., concurred.