[S. F. No. 4807. In Bank.—November 23, 1907.]

## HARPOLICY C. KIRKPATRICK, Appellant, v. J. M. KIRKPATRICK, Respondent.

DIVORCE—RIGHT TO INTERLOCUTORY DECREE.—In an action for a divorce on the ground of desertion, in which the complaint was sufficient, due service was had on the defendant, his default was duly entered, and the facts showing the desertion were established by the evidence of the plaintiff and corroborated by other testimony, it is incumbent upon the court to render an interlocutory decree for a divorce in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellant.

No appearance for Respondent.

HENSHAW, J.—Plaintiff sued defendant for divorce upon the ground of his desertion and abandonment of her. Defendant was personally served with summons and made default. The testimony was taken before the court commissioner, and upon consideration of the testimony the court caused the following decree and judgment to be entered: "Plaintiff's petition for an interlocutory decree of divorce is hereby denied. Let the order be entered."

From this interlocutory decree plaintiff appeals. She presents her brief upon appeal and there is no answering brief by respondent and no explanation of the grounds upon which the judgment of the court is based. The complaint is sufficient, the service upon the defendant is regular, his default was duly entered, and the evidence of the wife, corroborated by the testimony of her granddaughter, fully establishes the desertion. (*Benkert* v. *Benkert*, 32 Cal. 467.) Under this condition of the record it was error to have refused plaintiff her interlocutory decree, and the judgment is, therefore, reversed.

Lorigan, J., Angellotti, J., Shaw, J., and McFarland, J., concurred.