[L. A. No. 3356.   Department One.—May 26, 1914.]

## MARY C. LEWIS, Appellant, v. HENRY C. LEWIS, Respondent.

DIVORCE—DUTY OF COURT TO GRANT—REVIEW OF EVIDENCE.—The court is not authorized to deny a divorce where the evidence of the plaintiff, adequately corroborated, establishes the truth of the allegations of the complaint. A case having been made out, there is no arbitrary power to grant or refuse the relief. But, in every action for divorce, the court is called upon to determine whether the evidence before it does establish the truth of the charge made in the complaint.

ID.—APPEAL—PRESUMPTION IN FAVOR OF FINDINGS.—In such a case, every intendment is in favor of the finding made by the trial court, and such finding will not be overthrown on appeal unless it is very plain to the appellate court that the conclusion reached cannot be supported on any rational view of the testimony.

ID.—DESERTION—SEPARATION WITH CONSENT OF WIFE.—Under the evidence in the present case,—which showed that the husband, a man of eighty-one years of age, had left his wife without any intention of returning, and that his departure was induced by his inability to support her,—the court was justified in deciding that a case of willful desertion had not been made out, and in its inference that the separation was with the wife's consent and acquiescence.

ID.—CONSENT HOW MANIFESTED—ACQUIESCENCE IN SEPARATION.—Consent to a separation may be implied from acquiescence, or from other circumstances which show the plaintiff's consent, or that the separation was not against her will. It need not be express, but may be tacit, as where the plaintiff is willing and has made no objection.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

A. C. Lawson, for Appellant.

SLOSS, J.—The plaintiff appeals from a judgment deny-
ing her prayer for divorce. The complaint was based on the
ground of desertion. The defendant defaulted, and the court,
after hearing plaintiff's proofs, concluded that she had failed
to make out a case, and entered judgment accordingly.

The plaintiff testified that she and the defendant had been
married on March 1, 1910. She was then forty-one years old.
His age was eighty-one. They had been acquainted but a
short while. After the marriage, the parties took up their
abode at Long Beach, in a house owned by defendant. As a
result of litigation then pending, this house was lost to
defendant some four and one-half months after the marriage.
Thereupon the defendant "went away," stating that he was
unable to support the plaintiff, and that he would have to go
and live with his own people.

A witness on behalf of plaintiff testified that Lewis, the de-
fendant, had told him, before the separation, that he could not
support his wife, "and he could not live with the woman if he
could not support her." He also said that "he never expected
to live with her again, he could not support her." After the
separation the defendant told this witness that he would never
return to live with plaintiff.

A son of defendant testified that the defendant had told
him, prior to his leaving Long Beach, that he "was going
away, and that he would not return—could not stay under the
circumstances; that he would soon be without means, and
would not return."

The court is not authorized to deny a divorce where the evi-
dence of the plaintiff, adequately corroborated, establishes
the truth of the allegations of the complaint. (*Kirkpatrick*
v. *Kirkpatrick,* 152 Cal. 316, [92 Pac. 853] ; *Benkert* v. *Ben-
kert,* 32 Cal. 467.) A case having been made out, there is
no arbitrary power to grant or refuse the relief. But, in every
action for divorce, the court is called upon to determine
whether the evidence before it does establish the truth of the
charge made in the complaint. As in other cases, every in-
tendment is in favor of the finding made. Such finding is
not to be overthrown on appeal unless it is very plain to the
appellate court that the conclusion reached cannot be sup-
ported on any rational view of the testimony. In view of the
care with which the law has sought to guard against collusive

divorce proceedings, the rule just stated should be applied in its full force to a finding in favor of· a defaulting defendant in a divorce suit.

Under the evidence here given, we think the court was justified in deciding that a case of willful desertion had not been made out. It is true that plaintiff testified that defendant had gone from her, and that he had made statements indicating that he did not intend to return. The testimony of the corroborating witnesses, too, supported the contention that defendant left without the intention of returning. But it appeared that his departure was induced by his inability to support the plaintiff. The separation was, apparently, regarded by the defendant as necessary under the circumstances. At his age, it was, in all likelihood, impossible for him to earn a living for himself, much less for his wife. This being so, he was compelled to look to his relatives, or, perhaps, to his wife, for support. It is by no means an unreasonable inference from the testimony, particularly that of the plaintiff, that she recognized the necessities of the situation, and that she acquiesced in·her husband's belief that the only way was for him to take up his abode with "his own people." In other words, the evidence justified the conclusion that the separation was with the plaintiff's consent, and consequently did not constitute a desertion. (Civ. Code, sec. 99.) Consent to a separation may be implied "from acquiescence . . . or from other circumstances which show the plaintiff's consent or that the separation was not against her will. The consent need not be express. It may be tacit, as where the plaintiff is willing and has made no objection." (Nelson on Divorce and Separation, sec. 67; *McMullin* v. *McMullin,* 140 Cal. 112, [73 Pac. 808].)

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.