[S. F. No. 11558.  In Bank.—June 2, 1926.]

## CLAUDE H. HARMAN, Appellant, v. JESSIE HARMAN, Respondent.

[1] DIVORCE — SUFFICIENCY OF COMPLAINT AND EVIDENCE — RIGHT TO DIVORCE.—In an action for divorce, where the complaint adequately states a cause of action and the court finds, upon evidence presumably sufficient and properly corroborated, that the several allegations of the complaint charging cruelty are true and that the allegations of the cross-complaint charging cruelty are untrue, the trial court, under the circumstances, is not authorized to deny a divorce to the plaintiff.

---

(1) 19 C. J., p. 157, n. 71.

1. See 9 Cal. Jur. 743; 9 R. C. L. 437.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

T. G. Negrich for Appellant.

H. I. Stafford for Respondent.

LAWLOR, J.—This is an action for divorce prosecuted by Claude H. Harman, the husband, plaintiff and appellant, against Jessie Harman, the wife, defendant and respondent. The complaint is based upon several asserted acts of cruelty alleged to have been inflicted upon the appellant by the respondent. Respondent filed an answer and cross-complaint for separate maintenance wherein she sets forth three specifications of cruelty. The case went to trial upon the issues and the trial court, among other things, found that the several allegations of the complaint charging cruelty were true and that the several allegations of the cross-complaint charging cruelty were untrue. Judgment was entered, however, denying relief to either party and awarding counsel fees and costs to the respondent.

The appellant asserts that "The only question for decision on this appeal is: After the trial court finds that plaintiff has established his right to a divorce, can the court arbitrarily deny him a decree?"

In support of a negative reply to this question the appellant cites, among other cases, *Lewis* v. *Lewis*, 167 Cal. 732, 733 [52 L. R. A. (N. S.) 675, 141 Pac. 367]. That case declares that "The court is not authorized to deny a divorce where the evidence of the plaintiff, adequately corroborated, establishes the truth of the allegations of the complaint. (*Kirkpatrick* v. *Kirkpatrick*, 152 Cal. 316 [92 Pac. 853] . . . ; *Benkert* v. *Benkert*, 32 Cal. 467.) A case having been made out, there is no arbitrary power to grant or refuse the relief. But, in every action for divorce, the court is called upon to determine whether the evidence before it does establish the truth of the charge made in the complaint.

As in other cases, every intendment is in favor of the finding made. . . . ''

In the instant case, we have not before us a transcript of the testimony taken at the trial, but, every intendment being in favor of the findings made, the statement is not unwarranted that sufficient evidence, properly corroborated, must have been adduced by the appellant in support of the allegations in his complaint charging cruelty, for, as already indicated, the trial court found that these several allegations were true. This would necessarily satisfy the provisions of section 130 of the Civil Code. The allegations of the complaint being sustained by the findings, and keeping in view that the allegations of cruelty in respondent's cross-complaint were found to be untrue, it merely remains to determine whether the several alleged acts of cruelty charged in the complaint, if proved, would warrant the granting of an interlocutory decree to the appellant.

The complaint, in substance, sets forth that on many occasions the respondent told appellant that she did not love him, but lived with him because he was a good provider; that respondent has continually demanded complete control of the children and has prevented appellant from disciplining them; that respondent frequently told appellant that his mother was ''no good'' and that his sister was a ''whore''; that while driving, respondent would continually issue orders and directions to appellant as to the operation of the automobile; that repeatedly respondent has told appellant ''that his only idea of marriage is to have a female body at his disposal and that he is lustful, meaning thereby that plaintiff was unreasonable in his demands of defendant for sexual intercourse''; that appellant is a locomotive engineer and upon his seeking to kiss respondent when he returned from trips she would tell him ''that it was his lust for sexual intercourse that prompted him to kiss or seek to kiss her . . . ''; that respondent has often threatened to commit suicide, stating that appellant would, in such event, ''be branded as her murderer''; that though plaintiff gave his wages to respondent she has continually complained of having nothing but ''rags''; that respondent has called appellant ''vile names, too opprobrious to be set out in this complaint''; that respondent on numerous occasions has told appellant's friends that he is ''lustful, in

that he was unreasonable in his demands upon her for sexual intercourse . . . ''; that respondent has frequently informed appellant that she could have married men of wealth; that all of the several alleged acts have greatly disturbed and injured appellant and interfered with his rest and sleep, making him unfit to bear his responsibilities as a locomotive engineer; and ''That by reason of the acts and conduct of defendant as hereinbefore alleged, she wrongfully inflicted upon plaintiff grievous bodily injury and grievous mental suffering.''

[1] In our opinion these several allegations adequately state a cause of action for divorce and, as already indicated, it must be assumed in view of the findings that they were amply supported and proved by sufficient evidence, properly corroborated. Under these circumstances, the trial court is not authorized to deny a divorce. (*Lewis* v. *Lewis, supra.*)

The trial court is directed to enter an interlocutory decree of divorce on the ground of extreme cruelty in favor of the plaintiff and appellant. It is also directed to make such provision for the custody, support, and education of the two minor children of the parties and for the division of the community property as it may deem just.

Judgment reversed, with directions.

Waste, C. J., Curtis, J., Seawell, J., Shenk, J., and Richards, J., concurred.