[Civ. No. 6662. First Appellate District, Division Two.—July 16, 1929.]

CHARLES STUART BOOTH, Appellant, v. LOLA WAR-RINGTON BOOTH, Respondent.

Leon J. Dugan, Soren X. Christensen and J. C. Wood for Appellant.

William E. Harvent for Respondent.

BURROUGHS, J., *pro tem.*—Plaintiff, Charles Stuart Booth, and defendant, Lola Warrington Booth, are husband and wife. Plaintiff commenced this action for divorce. The defendant asked for separate maintenance. The court denied the divorce and granted the defendant separate maintenance in the sum of $125 per month. The plaintiff appeals from the judgment. He does not complain of the judgment in so far as it denies him a divorce, but only that portion thereof granting the defendant separate maintenance.

The record discloses the following facts: The complaint alleges a cause of action on the ground of extreme cruelty. The answer denies the allegations of cruelty and by a cross-complaint the defendant also alleges extreme cruelty and asks for separate maintenance only. The answer to the cross-complaint denies the alleged cruelty and on the issues thus framed the cause was tried by the court, findings of fact and conclusions of law made and filed, and the judgment complained of was entered. The evidence discloses that the parties are living separate and apart and the conclusion is amply justified from both the evidence and the findings that such separation was without the fault of the defendant. Upon sufficient evidence the court found that many of the acts of cruelty set forth in the cross-complaint were true and although there is evidence in the record that said acts caused respondent a great deal of worry and were responsible for her nervous condition and broken health, there is no finding of fact that such acts of cruelty occasioned the cross-complainant either grievous bodily injury or grievous mental suffering. It is claimed by appellant that in the absence of such a finding the record is insufficient to sustain a judgment for divorce and that permanent maintenance can only be granted in those cases where the wife is entitled to a divorce, or where the facts show wilful desertion or wilful failure to provide for the wife under section 137 of the Civil Code, as amended by Statutes of 1927, page 441. In support of this claim he cites section

137 of the Civil Code, which, so far as material to this decision, is as follows: "When the husband or wife wilfully deserts the wife or husband, as the case may be, or when the husband or wife has any cause of action for divorce as provided in section 92 of this code, he or she may, without applying for a divorce, maintain in the superior court an action against her or him for permanent support and maintenance of himself or herself or of himself and children, or of herself and children. When the husband wilfully fails to provide for the wife, she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself or of herself and children." It is argued by appellant that as respondent's cause of action is not based upon wilful desertion or wilful failure to provide, as authorized by the section of the code last cited, she must allege and prove and the court must find in her favor a complete cause of action for divorce as provided in section 92 of the Civil Code. It may be conceded that the cross-complaint is not predicated upon wilful desertion or wilful failure to provide under section 137 of the Civil Code as amended, but that a cause of action on the ground of extreme cruelty under subdivision 2, section 92 of the Civil Code is therein stated and the court having failed to find that the acts of cruelty which were found to be true inflicted either grievous physical injury or grievous mental suffering upon respondent, the findings are insufficient to sustain a judgment of divorce. (*Nelson* v. *Nelson,* 18 Cal. App. 602 [123 Pac. 1099]; *Smith* v. *Smith,* 124 Cal. 651 [57 Pac. 573]; *Franklin* v. *Franklin,* 140 Cal. 607 [74 Pac. 155].) But appellant has failed to give any consideration to section 136 of the Civil Code, which provides: "Though judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance by the husband, of the wife and children of the marriage, or any of them." Construing the last cited section, the court in *Hagle* v. *Hagle,* 68 Cal. 588 [9 Pac. 842], held that even though the husband has not been guilty of anything amounting to legal cruelty, which was the ground for divorce in that action, his conduct was such that it was impossible for the parties to live happily together and the court was justified in granting the wife separate maintenance. In *Broad* v. *Broad,* 35 Cal. App. 646 [170

Pac. 658], each of the parties sought a divorce from the other on the ground of extreme cruelty, but a divorce was denied either party and separate maintenance granted the wife. The sole question there presented was whether the court, where it was found that the wife was not entitled to a divorce, and was living apart from her husband, could make an award of separate maintenance under section 136 of the Civil Code. The court there said: "In this state section 137 of the Civil Code gives to the wife the right to maintenance where she has a cause for divorce but waives it; and section 136—which has stood alone since its passage—when construed in relation to section 137 and other cognate sections, seems clearly to contemplate relief in cases where the wife may not be entitled to a decree of divorce. To give the section the construction contended for by the appellant would be to treat it as a useless enactment, adding nothing to the body of our law. Such an interpretation will not be given to an·enactment of the legislature if it can be reasonably avoided." *Jacobs* v. *Jacobs,* 68 Cal. App. 725 [230 Pac. 209, 210], is a case similar to *Broad* v. *Broad, supra,* and it is there said: "We have not been cited to any case in this state holding that the trial court is without jurisdiction to award alimony to an unoffending wife where she has been unable to establish grounds for a divorce." Although in the case at bar, in the absence of a finding that the cross-complainant suffered either grievous bodily injury or grievous mental suffering, a judgment of divorce could not be sustained, yet under the foregoing authorities, a judgment for permanent maintenance is permissible.

The appellant also claims that the evidence is insufficient to sustain the finding of extreme cruelty or the judgment based thereon because the acts alleged and proven are trivial in their character and were not such as would destroy the object of matrimony. Upon sufficient evidence the court found that in the month of May, 1924, the respondent asked appellant to provide them a reasonable and suitable home, but that he refused and ever since said time has refused to do so, and he also told her "that she could stay put, that he liked the simple life," and "to forget about ever going back with him to live as husband and wife." At another time he told her "that he did not want to resume the relation of husband and wife and that he had thought

the matter over and had decided that they should live apart.'' In January, 1925, the parties met in San Francisco and plaintiff told his wife that he did not have any intention of living with her again as man and wife and to just forget it. The court also found on sufficient evidence that in November, 1924, appellant left respondent in Oakland, under pretext of going on a trip to Los Angeles and the respondent afterward learned that he had gone to San Francisco and remained there for two days on a wild party. There are other circumstances of a similar character shown by the evidence and found by the court to be true, but the foregoing illustrates the attitude of appellant toward respondent, and the unpleasant and unhappy marital relation of the parties. Under such circumstances the court was warranted in exercising its discretionary power under the provisions of section 136 of the Civil Code and to require the husband to provide for his wife a permanent maintenance.

There is one other claim advanced by appellant that requires consideration. He claims that the award of $125 per month is excessive. The evidence shows that the appellant is earning $300 per month. Also that the respondent is ill and under the constant care of a physician and because of her ailment, valvular disease of the heart, she is unable to do any work whatever. Further, her necessary expenditures for medicine and medical aid amount to from $12.50 to $30 per month and her board and laundry cost $50 per month. Adding to these items the cost of clothing and necessary incidental expenses, we cannot say that the sum allowed is excessive. Furthermore, we are of the opinion that construing section 136 and section 137 of the Civil Code together, the court retains its jurisdiction to vary, alter or revoke such order for maintenance when, upon a proper showing, it deems the exigencies of the case, or the circumstances of the parties, require it.

The judgment is affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.