[Civ. No. 4277.  Third Appellate District.—May 18, 1931.]

DAVID B. CARLIN, Respondent, v. ELIZABETH BED·
DOW CARLIN, Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellant.

Harry L. Cohn for Respondent.

MR. JUSTICE Pro Tem. BURROUGHS Delivered the Opinion of the Court.—This is an appeal from an interlocutory decree of divorce and also from an order made after said decree had been made and entered.

The amended complaint states a cause of action for a divorce upon the ground of extreme cruelty. The defendant by her answer denied the allegations of cruelty and by a cross-complaint alleged facts sufficient to justify a divorce upon the same ground, but the only relief asked by her was permanent support and maintenance. The plaintiff and cross-defendant answered, denying the acts of cruelty set forth in the cross-complaint. Upon such issues the cause was tried and an interlocutory decree of divorce was entered in favor of the plaintiff, and the relief asked for in the cross-complaint was denied. The cause is before this court upon the judgment-roll alone.

The findings of fact, conclusions of law and judgment were filed March 15, 1928. On July 20, 1928, there was filed in the action an order signed by the trial judge striking from the findings and judgment portions thereof relating to the disposition of certain of the property of the parties. This order was made subsequent to the filing by the defendant and cross-complainant of a notice of appeal from the judgment. It is claimed by the appellant that this order was void because of a lack of jurisdiction in the trial court to make the order. This identical question was before the Supreme Court in *Krasky* v. *Woolpert et al.*, 134 Cal. 338 [66 Pac. 309, 310]. In that case the trial court filed its findings of fact on February 9, 1900; judgment was entered thereon February 13, 1900; appellant then gave no-

tice that on February 23, 1900, he would make a motion for an order that the conclusions of law be made consistent with the findings of fact; before this motion came on for hearing and on February 21, 1900, the court of its own motion made an order directing that the findings be set aside and the judgment vacated, and thereupon filed new and different findings, and ordered judgment upon the new findings; and accordingly, on February 23d, when appellant's motion came on to be heard, the court denied it. Under this state of facts the Supreme Court says: "It is now argued by appellant that after the court had once filed its findings, and judgment had been entered thereon, it lost jurisdiction as to the findings, and had no power, of its own motion to set them aside. For the purposes of this case, we may concede such to be the law, and the result is, that the findings first filed, and herein quoted, are the only findings in the case. If the court had no power to set them aside, the order to the extent that it attempted to set them aside, is void." In the instant case we are of the opinion that the order amending the findings and also striking certain paragraphs from the judgment is for the reasons stated in *Krasky* v. *Woolpert, supra,* void. Respondent seeks to justify the action of the trial court upon the ground that the corrections made by the trial court were the correction of clerical errors or misprisions. We are of the opinion that the corrections made in the instant case do not fall within the rule relating to such corrections. (*Eagan* v. *Eagan,* 90 Cal. 21 [27 Pac. 22]; *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225].) We therefore proceed in the instant case to a consideration of the objections raised by the appellant, as though no amendments had been made either to the findings or the judgment, the first set of findings and judgment being the only findings and judgment in this case. (*Krasky* v. *Woolpert et al., supra.*)

As a ground of appeal it is claimed that the court erred in failing to make findings on certain issues raised by the pleadings and in making findings outside of the issues and further, that certain material findings are contradictory and are insufficient to support the judgment. The amended complaint in apt language alleged that after the marriage of plaintiff and defendant, the defendant refused to become a mother and took medicine to prevent conception;

that she also refused to make a home for the plaintiff; and that said conduct on her part was against the will and wishes of the plaintiff and caused the plaintiff great and grievous mental pain and suffering. These allegations were denied by the answer. There is no finding upon the issues thus ·raised.

The court found that the defendant and cross-complainant without any cause or provocation was suspicious of the plaintiff and cross-defendant; interfered and hindered him in his business; had told his business associates and friends that he was ''crooked'' and would cause them to lose their money if they had any business transactions with him; and that said statements were untrue and were made maliciously for the purpose of injuring the reputation of the plaintiff and cross-defendant. A portion of the foregoing findings of fact is not based upon any allegation of the complaint and such finding is therefore without the issues raised by the pleadings. It is claimed by appellant that the allegations of the complaint above referred to and upon which there is no finding, and the finding last referred to being without the issues raised by the pleadings, such findings constitute reversible error. There is no question that other findings as to acts of extreme cruelty raised by the pleadings and found by the trial court to be true, are not ample to support the judgment. Indeed, there are many acts of alleged cruelty found to be true and in the absence of the evidence such findings are presumed to be supported thereby. In *Dolliver* v. *Dolliver*, 94 Cal. 642, 646 [30 Pac. 4, 5], it is said: ''Upon an appeal from a judgment taken upon the judgment-roll alone, if the judgment is supported by the findings which are made, the failure of the court to make findings upon other issues presented by the pleadings is not a ground for reversal, unless it shall appear from the record that evidence was offered upon such issues in the court below, and that a finding thereon from such evidence would countervail the findings actually made to such an extent as to invalidate the judgment. (*Winslow* v. *Gohransen*, 88 Cal. 450 [26 Pac. 504].) Nor does the fact that the court has made findings of fact which are not within the issues presented by the pleadings invalidate its judgment, if that judgment finds support in the findings which are within the issues, independent of such extraneous findings.''

To the same effect are *Schoonover* v. *Birnbaum*, 150 Cal. 734 [89 Pac. 1108], and 24 California Jurisprudence, page 983, section 212. The appeal in the instant case being predicated upon the judgment-roll alone, no showing has been made which would bring the case within the exception set forth in *Dolliver* v. *Dolliver, supra.*

It is also claimed by appellant that the findings are uncertain as to what acts of cruelty caused the plaintiff grievous mental suffering and greatly injured the health, peace and happiness of the plaintiff and caused him to suffer physical pain and to suffer a nervous breakdown.

In finding No. 4 there are five subdivisions in which are set forth specific acts of cruelty found by the court to be true. The sixth subdivision thereof is that the aforesaid acts of cruelty constituted grievous mental and physical suffering on the part of the plaintiff. We are of the opinion that this language is clear and refers to all of the acts set forth therein, and as a number of said acts clearly respond to the issues raised by the pleadings, they are sufficient to support the judgment. Counsel for appellant has cited a number of cases in support of his claim that findings on issues not made by the pleadings will not support the judgment. We have examined each one of the authorities cited, and do not consider them applicable to this case. A fair example of the cases thus cited is *Simmons* v. *Simmons,* 166 Cal. 438 [89 Pac. 1108]. There the action was upon an alleged agreement made by the parties which provided that because of certain moneys furnished by the plaintiff to his wife for the erection of a house upon a lot owned by her prior to her marriage, the lot should become community property. The trial court found against the plaintiff upon that issue and went further and found that plaintiff had loaned the defendant the sum of $1000 for which amount plaintiff was entitled to a judgment. In reversing the judgment the court said: "Here, however, as we have seen, the relief granted was inconsistent with the complaint and was entirely outside the issues." In the instant case, the findings respond to the issues raised by the pleadings and support the judgment. We are of the opinion that irrespective of the failure of the court to find upon an issue and also its finding outside the issue, other findings are sufficient to support the judgment.

■ It is also claimed that the appellant was entitled to a finding of the court that the property held by her in joint tenancy and as a tenant in common was her separate property. The court found that the appellant owned an undivided one-half interest therein. In the absence of the evidence, we must assume that the findings are as broad as the evidence permitted; besides, it is not pointed out what difference such a finding could make in the final result, or how it could affect the property rights of the appellant, she having been awarded a one-half of all the property; that being all to which she was entitled under the findings. The point is without merit.

■ It is next contended that a finding of the trial court that 997 shares of the unissued capital stock of the Ambassador Apts. Inc. is community property of the parties, is in direct conflict with another finding that, except as to 120 shares of said stock, the remainder of the 997 shares is not community property. There can be no question but that the findings thus made by the trial court are in conflict. However, the trial court also found that certain real property conveyed by the parties to the action to the Ambassador Apts. Inc. was owned by the parties hereto as joint tenants, having been acquired by money jointly borrowed by the parties and by money paid out of a joint bank account and by the proceeds of sales of other real property owned by them as joint tenants with the right of survivorship; that said real estate was conveyed by the parties to the Ambassador Apts. Inc. for 1560 shares of the capital stock of said corporation; and that the interests of said parties in and to said capital stock of said corporation, except the 120 shares thereof previously found to belong to the community, was not community property, The court also found in response to the amended cross-complaint of the defendants that stock in the Ambassador Apts. Inc. was not the separate property of the defendant and cross-complainant and that there was still 997 shares of the capital stock of said corporation unissued. It is admitted by the answer to defendant's cross-complaint that the said shares of stock were to be issued to the parties "share and share alike". The court found against appellant's contention that there was to be issued to her fifty-one per cent of said stock and as we have previously said, in the absence of the evidence, this find-

ing must be accepted as true. The judgment provides that the said 997 shares of stock be divided equally between the plaintiff and defendant, an undivided one-half interest to each. This certainly constitutes the only relief to which under the findings and admissions of the pleadings the defendant would be entitled. In *Jarrett* v. *Redman*, 79 Cal. App. 482 [250 Pac. 183], wherein the appeal was upon the judgment-roll alone, the court says: "Under such circumstances all intendments must be indulged in support of the judgment appealed from and findings should be so construed as to support the judgment, and any uncertainty will be construed to uphold rather than defeat it. (*Breeze* v. *Brooks*, 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742]; *Krasky* v. *Woolpert*, 134 Cal. 338 [66 Pac. 309].)" Furthermore, it is not pointed out, nor do we find anything in the record as made that constitutes a miscarriage of justice. (Const., Art. VI, sec. 4½; *People* v. *Mooney*, 176 Cal. 105 [167 Pac. 696].) The order of the court purporting to amend the findings of fact, and the judgment and the amendments made in pursuance to said order being void, are hereby vacated, annulled and set aside. There being no reversible error in the record, the judgment should be affirmed. And it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1931.