[L. A. No. 16839. In Bank.—March 26, 1940.]

IRVING M. WARD, Respondent, v. FANNY WARD, Appellant.

 

 

I. Henry Harris, I. Henry Harris, Jr., and John K. Ford for Appellant.

David L. Sefman and Jerome D. Rosenfield for Respondent.

SHENK, J.—This is an appeal by the defendant from that portion of the judgment as modified which denied her separate maintenance and from the order of modification.

The plaintiff and the defendant were married in Troy, New York, on June 3, 1917. They separated about twenty years later. On July 12, 1937, the plaintiff husband commenced this action for a divorce on the ground of extreme cruelty. The defendant wife answered with a general denial and filed a cross-complaint for separate maintenance. The court found that she was entitled to a decree of separate maintenance, awarded to her most of the community property, including a retail infants' wear store, a going business, and found that the plaintiff was financially able and ordered him to pay the defendant $85 a month. On the plaintiff's motion for a new trial the court modified the judgment by striking therefrom the order for the payment of $85 a month.

The appeal is on the judgment roll alone. It is the defendant's contention that the modified judgment is not supported by the findings of fact and particularly paragraph VII, which states in substance that the plaintiff is financially able to pay support money and that the defendant has no income other than from the community property; and also that the judgment is not supported by the conclusions of law where, in paragraphs II and IV, it is stated that the defendant is entitled to a decree of separate maintenance against the plaintiff and to the payment of $85 per month for that purpose.

In passing upon the motion for a new trial the court undoubtedly assumed to exercise the power granted by section 662 of the Code of Civil Procedure, enacted in 1929, which

authorizes the court to modify the judgment on the motion for a new trial. The order of modification is referred to in the judgment roll opposite the paragraph which directed the plaintiff to pay $85 per month to the defendant for separate maintenance. The reference to the order is in the following language: "Modified by Order of Court filed 5/18/38—$85.00 mo. for support of Cross-complainant stricken from judgment." The findings of fact and conclusions of law above referred to do not appear to have been specifically modified, hence the basis for the contention of the defendant that the modified judgment is not supported.

Attached to the respondent's brief is a complete copy of the order of May 18, 1938, wherein the court stated that it appeared that the defendant "may properly maintain herself on the income from the community property allotted to her", and the modification, "pursuant to sec. 662 C. C. P.", was accordingly ordered.

There is also attached to respondent's brief the copy of a stipulation entered into during the trial, wherein it was agreed, among other things, that the operating profit of the infants' apparel store set aside to the defendant and being operated by her was $2,207 for the calendar year 1937, and that during the period of thirty weeks from July 7, 1937, to January 31, 1938, the defendant withdrew from the store accounts the sum of $2,125, which was about $300 per month.

■ While not disputing the stipulation or the substance of the order of May 18, 1938, the defendant nevertheless contends that these documents may not be taken into consideration on an appeal on the judgment roll. In this the defendant's position is well taken, inasmuch as the court, on this kind of an appeal, is precluded from considering any matters of fact not a part of the judgment roll, and the documents referred to are not included. ■ If the order of May 18th had been included, the finding of the court therein would demonstrate the ineffectiveness of the appeal. Since it is not and the appellant has elected to prosecute the appeal on the judgment roll alone, she necessarily excludes us from a consideration of anything except that which is included therein and requires the court to resort to the inferences and established rules applicable to appeals on the judgment roll, among which are that the findings are to be liberally construed and will be given a construction which will uphold, rather than

defeat, the judgment; and that any ambiguities or inconsistencies in the record properly before the reviewing court will be resolved in favor of sustaining the judgment. (*Ochoa v. McCush*, 213 Cal. 426 [2 Pac. (2d) 357], *Menghetti v. Dillon*, 10 Cal. (2d) 470 [75 Pac. (2d) 596], and cases there cited.)

■ It affirmatively appears on the face of the judgment roll that the trial court by the order dated May 18, 1938, modified the judgment by striking out the provision for payment as separate maintenance. That order is not set forth in full in the judgment but is referred to in substance and effect. Applying the foregoing rule to that order, it is assumed that there were facts before the court when it was made which would support it and that it contained findings of fact and conclusions of law adequate to support it. The reference to it in the judgment is sufficient to justify the inference that everything was done which would render it an effectual modification of the judgment and that the findings and conclusions elsewhere in the judgment roll and inconsistent therewith are not controlling. If the appellant desired that the rules be not thus applied to the record she presents, she should have enlightened the court with a record of contrary import, if such a record could have been produced. There is nothing in the judgment roll which would warrant a reversal of either the judgment or the order.

The judgment and order are therefore affirmed.

Edmonds, J., Gibson, J., Carter, J., Waste, C. J., Curtis, J., and Houser, J., concurred.