[Civ. No. 13270.    Second Dist., Div. One.    Mar. 23, 1942.]

LUTHER A. POLK, Appellant, v. MARY ALMA POLK, Respondent.

Don Lake for Appellant.

Robert W. Kenny and Robert O. Curran for Respondent.

WHITE, J.—This is an action for divorce wherein plaintiff sought dissolution of his marriage to defendant upon the ground of extreme cruelty. (Civ. Code, sec. 94.) An answer was filed admitting all the allegations contained in the complaint save and except the one which charged the wrongful infliction of grievous mental suffering upon plaintiff by the answering spouse. At the trial plaintiff introduced evidence of his marriage on January 19, 1910; that the parties thereto separated May 10, 1939; that three children were born as the issue of said marriage, all of whom have reached their majority. The plaintiff testified, and was corroborated in his testimony, that on an occasion in 1937, while traveling on a

railroad train, plaintiff was standing in the aisle assisting two ladies with their baggage, when his wife, without saying a word, struck him in the face, in the presence of many passengers in the car. He further testified that his occupation was that of motorman, and that constantly upon his return home from his duties his wife would charge him with infidelity. He further testified that defendant never prepared meals for him, and upon returning home after working all night it was necessary for him to prepare them himself. Another incident testified to by the plaintiff occurred during a visit of his sister. On the last day of his sister's visit, while she and her family were at the home of plaintiff and defendant, he desired to spend the last day of his sister's visit with her, but his wife insisted that he take her out and compelled him to remain away from home until about thirty minutes before his sister and her family were required to leave. Plaintiff testified to a severe injury inflicted upon him by his wife on another occasion in the early part of 1938, from which injury he suffered for about six months. In explanation of why he continued to remain at the family home during the course of what he termed "many years" of alleged cruel and inhuman treatment, plaintiff testified that he did so "solely for the purpose of continuing the education of my children and until my son graduated from college, never at any time forgiving her for any of her acts, but only for the purpose of doing that which I could for the welfare of my children, and as soon as my son finished college I left the house and continued separate and apart since that time."

At the conclusion of plaintiff's case defendant made a motion for a nonsuit, which was denied. In presenting her defense, the defendant was the sole witness in her behalf. She testified: "The testimony of my husband was true, but I was in a nervous and excited condition at the time each of the matters complained of by him occurred; that he never forgave me for any of my actions, and on the 17th of April, 1940, I wrote him to forgive me and come home." Upon being shown a letter, the defendant wife identified it as the letter referred to in her testimony, and the same was admitted in evidence. It reads: "Dear Luther: Please call off that divorce suit and come home as we all love you and don't want to lose you or fight you. Forgive me of all I said or done. Anna."

After taking the case under submission, the court on May

9, 1940, rendered its decision denying plaintiff a divorce. Thereafter a motion for a new trial was argued, submitted, and by the court denied. This appeal is by the plaintiff from the judgment.

Appellant contends that under the evidence adduced on behalf of the plaintiff as to the treatment received by him at the hands of his wife, the truth of which was admitted by the latter, the court was bound to find that the allegations in the complaint of cruel and inhuman treatment were true; that a contrary finding as made cannot be sustained by the evidence, and that a judgment predicated upon such unsupported finding must be reversed.

True, it is the law that the court is not authorized to deny a divorce where the evidence of the plaintiff, adequately corroborated, establishes the truth of the allegations of the complaint. (*Kirkpatrick* v. *Kirkpatrick,* 152 Cal. 316 [92 Pac. 853]; *Benkert* v. *Benkert,* 32 Cal. 467.) The court is not invested with any arbitrary power to grant or refuse the relief, where a case has been made out. However, in every action for divorce the court is called upon to determine whether the evidence before it does establish the truth of the charge made in the complaint. As in other cases, every intendment is in favor of the finding made. On appeal such finding is not to be overthrown unless to the appellate tribunal it is very plain that the conclusion reached cannot be supported upon any rational view of the testimony. As has been so often said, the state itself is a party to every marriage contract and seeks to protect the family in its Constitution and laws as the necessary basis of the social order and as indispensable to the welfare of the nation and the state. True, marriage under the law is a civil contract (Civ. Code, sec. 55), but out of such contract, as declared by statute, there arises a personal relation between the parties.    In consonance with what we have just said, it follows that although it be admitted that the defendant's acts were wrong and unjustifiable, nevertheless considerable latitude is allowed to the court in determining whether such acts constituted extreme cruelty of the nature and kind as to make mandatory a severance of the marital bonds.

The trial court doubtless took into account the many years the parties to the instant litigation had lived together, the physical and mental infirmities with which the wife testified she was afflicted, and her protestations of love and affection

for her husband as contained in the letter addressed to him and introduced in evidence, coupled with the fact that to her husband she had borne three children. Considerable latitude was allowed for the exercise of discretion in the trial court in determining whether under the facts and circumstances here present the conduct of the defendant constituted extreme cruelty. Moreover, in deciding that the conduct of the defendant in this case did not amount to extreme cruelty which warranted a divorce, the trial court was aided by the opportunity, not afforded us, of having the witnesses before it, of observing their temperament, demeanor, candor and truthfulness. ▮ Whether in a given case the conduct of one of the spouses was such as *wrongfully* to inflict upon the other party to the marriage the "grievous bodily injury" or "grievous mental suffering" referred to in the statute, is a pure question of fact, to be deduced from all the circumstances of each particular case, and as stated in *Van Camp* v. *Van Camp*, 53 Cal. App. 17 [199 Pac. 885], "no arbitrary rule of law as to what particular probative facts shall exist in order to justify a finding of the ultimate facts of its existence can be given." Having in mind the policy of the law concerning the nature and character of the contract of marriage, coupled with the facts and circumstances herein narrated, we cannot say that the conclusion arrived at by the trial court should be disturbed on appeal.

The judgment denying a decree of divorce is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1942. Curtis, J., Carter, J., and Peters, J. pro tem., voted for a hearing.