[Civ. No. 6634.   Third Dist.   Nov. 27, 1942.]

MABEL H. PARNAY, Appellant, v. M. Y. PARNAY, Respondent.

Philander B. Beadle for Appellant.

Woolsey & Huovinen for Respondent.

ADAMS, P. J.—This is an appeal from a judgment denying plaintiff a divorce, but granting her the custody of the two minor children of the parties, and awarding her the sum of $225 per month for her separate maintenance and for the support and education of the children.

Plaintiff's complaint was based upon extreme cruelty, but

the trial court found that none of her allegations in that behalf were true. No finding was made regarding her allegations concerning the property rights of the parties, but the court did find that plaintiff had no means by which to support herself or her children, and that she had been for more than a year living separate and apart from defendant. The denials in defendant's answer were found to be true, but in addition, it was found that while the evidence adduced in support of plaintiff's complaint did not constitute extreme cruelty on the part of defendant toward plaintiff, the defendant had been unduly penurious toward plaintiff and their children, and had failed to supply them with the small luxuries suitable to their station in life which he was able to afford but deemed to be unnecessary; and that such conduct on the part of defendant made it unpleasant for plaintiff to live with him.

On this appeal appellant contends: That the penuriousness of defendant constituted extreme cruelty, that the trial court erred in refusing to allow plaintiff to introduce evidence concerning the effect upon her of an asserted premarital promise by defendant that he would apply for American citizenship, and that said court also erred in refusing to reopen the case, before decision, to permit plaintiff to offer additional evidence.

As to the first point, appellant's argument seems to be that the aforesaid finding of the court regarding defendant's penuriousness is as a matter of law a finding of extreme cruelty, and that, having made such finding, the court acted arbitrarily in denying plaintiff a divorce; that if the conduct of defendant was such as to justify a separation, it must be held to constitute grounds for divorce. Such conclusion does not necessarily follow. Section 94 of the Civil Code defines extreme cruelty justifying divorce, as "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." Here the court has found to be untrue, not only the allegations of plaintiff's complaint as to the asserted acts of defendant, but also her allegations that said acts caused her grievous mental suffering. Unless defendant's acts did have that effect, they cannot be said to have constituted extreme cruelty even though they may have made it unpleasant for plaintiff to live with defendant. It was said in *MacDonald* v. *MacDonald*, 155 Cal. 665, 670-1 [102 P. 927, 25 L.R.A. N.S. 45]:

" 'Whether in any given case there has been inflicted this "grievous mental suffering" is a mere question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party, and no arbitrary rule as to what probative facts shall exist in order to justify a finding of the ultimate facts of its existence can be given. . . . A correct decision must depend—as most cases depend—upon the sound sense and judgment of juries and courts.' (*Barnes* v. *Barnes,* 95 Cal. 171 [30 P. 298].) From the very nature of the question it results that in its determination the trial judge, who has the parties before him for observation in the light of the evidence, must be invested with a wide range of discretion. It is settled that the finding of the trial court on this question will not be disturbed on appeal unless the evidence in support thereof is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. (*Andrews* v. *Andrews,* 120 Cal. 184, 187 [52 P. 298]; *Avery* v. *Avery,* 148 Cal. 239, 244 [82 P. 967])."

In *Maloof* v. *Maloof,* 175 Cal. 571, 573 [166 P. 330], the court said: "The appellant's case must rest upon the inflicting of 'grievous mental suffering'. . . . Whether or not harsh treatment, unaccompanied by physical violence, has caused 'grievous mental suffering,' is a 'question of fact, to be deduced from all the circumstances of each particular case.' (*Barnes* v. *Barnes,* 95 Cal. 171 [16 L.R.A. 660, 30 P. 298]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 P. 298]; *MacDonald* v. *MacDonald,* 155 Cal. 665 [25 L.R.A. N.S. 45, 102 P. 927].)"

As to appellant's suggestion that if defendant's conduct was such as to justify the granting of separate maintenance to her, it must *ipso facto* justify a divorce, this argument disregards section 136 of the Civil Code, which expressly provides that though a judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance of the wife and children by the husband. In *Booth* v. *Booth,* 100 Cal.App. 28 [279 P. 458], though the court found that the acts of cruelty occasioned by the husband caused the wife a great deal of worry, there was no finding that they caused either grievous bodily injury or grievous mental suffering; but it was there held that a decree granting her separate maintenance was justified under section 136, *supra,* though a judgment for divorce could not have been sustained. (Citing *Hagle* v. *Hagle,* 68 Cal.

588 [9 P. 842]; *Broad* v. *Broad,* 35 Cal.App. 646 [170 P. 658]; *Jacobs* v. *Jacobs,* 68 Cal.App. 725 [230 P. 209].)

■ As to the contention of appellant that the trial court erred in refusing to allow her to introduce evidence concerning the effect upon her of the refusal of her husband to comply with a pre-marital promise to apply for American citizenship, it appears that there was no allegation in the complaint regarding any such promise, and strictly speaking, evidence regarding it was not admissible under the general allegation that "in many other ways and on numerous occasions . . . defendant had committed other acts of cruelty toward plaintiff." She did testify that defendant, prior to the marriage, had promised to become an American citizen, and had failed to do so, and that she was very much disappointed. But as the parties had been married for nearly fourteen years before they separated, this evidence was remote, and the court's refusal to hear it, if error it was, cannot be said to have resulted in any miscarriage of justice justifying reversal, in view of article VI, section 4½ of the Constitution of California.

■ As to the third contention of appellant, that the trial court erred in refusing to permit plaintiff to reopen her case and introduce evidence concerning unnatural acts of defendant as set forth in affidavits filed in support of her motion, the denying or granting of such a motion rests in the discretion of the trial court, and on appeal will be disturbed only in cases where there has been a clear abuse of discretion. (*Castro* v. *Singh,* 131 Cal.App. 106, 115 [21 P.2d 169].) And while the allegations in plaintiff's affidavit, if true, constitute grave charges against defendant, plaintiff did not inform her attorney of them until after the conclusion of the trial, and, though she did assert them in a conference between the trial judge, defendant, and herself when an attempt was made by the judge to effect a reconciliation between the parties, the court stated, in denying the motion, that they were denied by defendant. As to the assertion of plaintiff in her briefs, that the affidavits were uncontradicted, the record shows that the motion was filed April 7, and was brought to the attention of the court on April 8, at which time the affidavits in support thereof were presented to the court and filed. Also, the record shows that counsel for defendant then stated that the allegations of the affidavits would be denied, and that counsel for plaintiff stated to the court that it was presumed that there would be a conflict

of evidence between the parties on the matters asserted in the affidavits; and it was on that supposition that the motion was denied.

The statements of the trial judge made during the trial show that it was his opinion that the interests of the parties would be served best by the course pursued, as plaintiff would be entitled to live apart from defendant, and he would be required to provide her with sufficient means so to live; and that the court was further influenced by the fact that the major portion of the community property of the parties was a rug business, and that to grant a divorce would necessarily require a distribution of the community property between the parties which would ruin the business and work a hardship upon both.

Under all the circumstances of the case we cannot say that the trial court abused its discretion or that error was committed justifying reversal.

The judgment is affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.