[Civ. No. 13086. First Dist., Div. One. Sept. 3, 1946.]

ANNA KATICH LUCICH, Appellant, v. MARK B. LUCICH, Respondent.

Joseph A. Brown and Robert L. Mann for Appellant.

Ivan N. Maroevich for Respondent.

WARD, J.—The plaintiff appeals from a judgment in an action for divorce which denied her a divorce and denied her husband's cross-complaint for a decree of separation, but

which permitted either party "without prejudice, . . . to pursue any remedy they or either of them may have for any relief with respect to property or otherwise" and awarded the plaintiff $150 per month for her support and maintenance. The appeal is taken on the judgment roll alone and the appellant asks this court to grant a divorce and make a distribution of the property on the basis of the findings of the trial court which she contends do not support the judgment but compel the contrary judgment which she seeks.

The trial court found: "That all of the allegations of paragraphs I, II, III, IV, V, VI and VII of plaintiff's complaint to be true, but in this behalf the Court finds that said acts of wrongdoing herein are such in the judgment of the Court as not to constitute nor amount to extreme cruelty."

The allegations of the complaint found to be true, which are material to this appeal, read as follows: "VI That since the marriage of plaintiff and defendant, the defendant has been guilty of extreme cruelty to plaintiff, which conduct has destroyed the peace of mind and happiness of plaintiff and has caused her grievous mental suffering, and has seriously impaired plaintiff's health; that defendant has thereby wrongfully inflicted upon plaintiff grievous mental suffering without any excuse or without any cause or provocation on the part of plaintiff; that thereby plaintiff's happiness has been destroyed, and her life has been rendered miserable and unendurable. That plaintiff specifies some of said acts of extreme cruelty as follows:

"(a) That on a number of occasions defendant struck plaintiff and used physical violence on her.

"(b) That defendant frequently accused plaintiff of infidelity and threatened to publicly destroy her reputation for chastity.

"(c) That frequently when plaintiff was ill and received medical care, defendant would untruthfully and maliciously accuse her of having had an abortion.

"(d) That in a former action for divorce brought by plaintiff against defendant, which has since been dismissed without prejudice, defendant through his attorney in open Court on the trial of said action, both plaintiff and defendant and their counsel and the officers of the Court being present, charged plaintiff with infidelity and asked leave of the Hon. John J. Van Nostrand, the Judge presiding at said trial, for leave to file an amended answer alleging infidelity by

plaintiff. That the Hon. John J. Van Nostrand refused such permission unless defendant agreed to name a co-respondent in said pleading, which the defendant refused or was unable to do. That said charge was wholly false and known by defendant to be false, and was in execution of a threat that defendant would attack the reputation of plaintiff unless she withdrew all property demands against him.

" (e) That for a period of fourteen years, plaintiff worked as an employee of defendant in his restaurant above mentioned [alleged to be separate property in a prior paragraph found by the trial court to be true] in various capacities whether as waitress, cook or cashier under an agreement with defendant for payment to her of the same wages that would be received by a stranger. That plaintiff never received payment therefor in whole or in part, although defendant frequently promised payment. That the moneys so earned by plaintiff were used by defendant in the promotion of his restaurant business and the protection of his real estate and plaintiff thereby acquired a right of reimbursement for her community interest through the diversion of community funds by defendant to the advantage of his separate estate. That the amount of money so diverted by defendant over said period of fourteen years totaled the sum of $13,650.00. That plaintiff was afraid to insist on reimbursement of said sum through fear of physical violence and slanderous public attacks upon her reputation by defendant, who violently threatened plaintiff whenever she mentioned such reimbursement.

" (f) That for a period of ten years, plaintiff received from the estate of her deceased father the sum of $60.00 per month, which defendant either compelled her to turn over to him or compelled her to spend for household expenses, through threats of physical violence or slanderous public attacks upon her reputation for chastity. That through such enforced contributions to the community funds, defendant was enabled to build up his restaurant business and protect his separate property. That plaintiff thereby acquired a right of reimbursement for her community interest, which defendant has refused to recognize. That the amount of money so acquired by defendant from plaintiff for the advantage of his separate estate over said period of ten years totaled the sum of $7200.00.

## "VII

"That plaintiff is without means to pay her attorneys for the institution and prosecution of this action and that she has incurred expenses therefor, and will incur further expense therefor; that a reasonable sum should be allowed plaintiff as and for her attorneys' fees incurred and to be incurred by bringing and prosecuting this action and for the costs thereof; that a reasonable sum should be allowed plaintiff as alimony for her support pending this action and as permanent alimony; that defendant should be ordered to refund to plaintiff the sums of money hereinabove alleged as having been taken by defendant out of the community to the advantage of his separate estate amounting to the sum of $20,850.00."

To recapitulate, these alleged facts found to be true the trial court found did not "constitute nor amount to extreme cruelty." It is to be noted that there are no allegations with respect to community property except those above quoted which are contained in the portion of the complaint charging the acts constituting extreme cruelty. For the purposes of this opinion it is pertinent also to note that the prayer in respect to a division of property reads: "That this Court order and decree that plaintiff have and recover of and from defendant the sum of $20,850.00 in reimbursement of the community interest of plaintiff for moneys of plaintiff used to the advantage of the separate property of defendant."

Inasmuch as this is an appeal on the judgment roll alone, it must be presumed that there is evidence in the record to support the findings of the trial court. (*Carlin* v. *Carlin*, 114 Cal.App. 186, 189 [299 P. 543].) ". . . We have not before us a transcript of the testimony taken at the trial, but, every intendment being in favor of the findings made, the statement is not unwarranted that sufficient evidence, properly corroborated, must have been adduced by the appellant in support of the allegations in his complaint charging cruelty, for, as already indicated, the trial court found that these several allegations were true. . . . The allegations of the complaint being sustained by the findings, and keeping in view that the allegations of cruelty in respondent's cross-complaint were found to be untrue, it merely remains to determine whether the several alleged acts of cruelty charged in the complaint, if proved, would warrant the granting of an interlocutory decree [of divorce]." (*Harman* v. *Harman*,

198 Cal. 695, 697 [247 P. 194].) Although this is the general rule with respect to findings and is applicable in an appeal on the judgment roll, there is the further rule that all findings will be liberally construed to support the judgment when the appeal is on the judgment roll. (*Anderson* v. *Anderson*, 68 Cal.App. 218, 221 [228 P. 715]; *Ward* v. *Ward*, 15 Cal.2d 234, 236 [100 P.2d 773].) Here the trial court purported also to find that the acts found to have occurred did not constitute extreme cruelty. In this connection it should be noted that one of the allegations in the complaint found to be true was "That since the marriage of plaintiff and defendant, the defendant has been guilty of extreme cruelty to plaintiff, which conduct has destroyed the peace of mind and happiness of plaintiff and has caused her grievous mental suffering, and has seriously impaired plaintiff's health." This supposed finding of fact is in irreconcilable conflict with the finding that "said acts of wrongdoing herein are such in the judgment of the Court as not to constitute nor amount to extreme cruelty." However, a finding concerning extreme cruelty in general terms is a conclusion of law. (9 Cal.Jur. 705, 725; *Bilger* v. *Bilger*, 54 Cal.App.2d 739, 741 [129 P.2d 752]; and see *Franklin* v. *Franklin*, 140 Cal. 607, 608 [74 P. 155].)

Section 92 of the Civil Code provides that "extreme cruelty" is a ground for divorce. Section 94 of the Civil Code defines "extreme cruelty" to be "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." In effect the trial court here found that the conduct relied upon in the the complaint and expressly found to have occurred, inflicted grievous mental suffering and grievous physical injury but that in his judgment such conduct did not constitute extreme cruelty. Standing alone, a conclusion that a certain unspecified course of conduct inflicted grievous mental or physical suffering is a conclusion of law which will not support a judgment of divorce. This is the result the courts have reached because, although such finding is necessary and is the ultimate fact to be found under section 94, unless the course of conduct causing the result is specifically found, the right to a review of the trial court's actions would be vitiated. (*Franklin* v. *Franklin*, *supra*.) However, when such course of conduct is specifically found, the question of injury from that course of conduct is purely factual inasmuch as

896

individual differences in personality make for different results from the same course of conduct. There are no findings in conflict with the affirmative fact that the specified conduct did inflict the injuries provided for in section 94 of the Civil Code. These injuries—grievous bodily injury or grievous mental suffering—are the ultimate facts from which the conclusion of law that the particular ground for divorce—extreme cruelty—exists is to be drawn. (*Polk* v. *Polk*, 50 Cal. App.2d 653, 657 [123 P.2d 550]; *Ungemach* v. *Ungemach*, 61 Cal.App.2d 29, 39 [142 P.2d 99]; *Scheibe* v. *Scheibe*, 57 Cal.App.2d 336, 340 [134 P.2d 835]; *Keener* v. *Keener*, 18 Cal.2d 445, 447 [116 P.2d 1].)

■ However, if it could be said that the finding "that said acts of wrongdoing herein are such . . . as not to constitute nor amount to extreme cruelty" were one of ultimate fact "a reversal of the judgment is nonetheless required, for the case is brought within the rule that 'where it clearly appears that the ultimate fact found is based upon and adduced from the findings of probative facts, and it is plain that the latter do not justify or support the ultimate fact found, the findings of probative facts will control . . . and so deprive the judgment of support.' " (*Noble* v. *Beach*, 21 Cal.2d 91, 99 [130 P.2d 426]; *Ungemach* v. *Ungemach, supra,* p. 40.) Impugning publicly the reputation of one's wife for chastity with knowledge of the falsity of such charge, beating one's wife, and taking money from her through threats of violence would ordinarily cause both grievous mental and grievous physical suffering and this course of conduct and result the court found to be true.

■ Once a cause of action for divorce has been established there is no discretion in the trial court to deny a divorce in California. (*Harman* v. *Harman, supra; Kirkpatrick* v. *Kirkpatrick,* 152 Cal. 316 [92 P. 853]; *Bilger* v. *Bilger, supra;* Ann. discretion as to denial of divorce or separation where statutory grounds are established, 74 A.L.R. 271.) Although this court "is particularly reluctant to disturb the findings of the trial court in divorce cases, inasmuch as a proper decision depends to such a large extent, in this type of proceeding, upon the credibility to be accorded the testimony of witnesses" (III Nelson, Divorce and Annulment (2d ed.), p. 261), in view of the presumptions in favor of the evidence in the record in support of these findings, and in the absence of "a transcript of the testimony" (*Harman*

v. *Harman, supra*) this court must reverse the judgment denying the divorce. It should be noted, however, that the defendant, respondent here, may appeal from the judgment of divorce necessitated by this conclusion in the event the record of the evidence does not support the findings.

█ Appellant's second contention that the findings necessitate an adjudication by this court that she is entitled to $20,850 plus the $150 per month for her support and maintenance—must be denied. Preliminarily, it must be noted that the trial court's purported finding "that defendant should be ordered to refund to plaintiff the sums of money hereinabove alleged as having been taken by defendant out of the community to the advantage of his separate estate amounting to the sum of $20,850.00" is but a conclusion from the preceding allegations and is mere surplusage. From subdivisions (e) and (f) of paragraph VI of the complaint it is impossible to ascertain first, whether the appellant seeks only her half of the community property represented by her wages which were used to the advantage of defendant's separate estate; second, whether her separate property is now part of the community property or part of his separate property and consequently, to what extent she should be reimbursed; and third, to what extent, if at all, the separate estate was enhanced by the use of the moneys. The prayer of the complaint seems to seek recovery on a civil suit basis rather than for a division of the community property interests. These ambiguities as to theories and facts are carried into the findings. In this state of the findings, in the absence of any evidence, and in view of the discretion of the trial court under section 146 of the Civil Code, this court cannot undertake to settle the property rights of the parties. (*Bailey* v. *Bailey,* 60 Cal.App.2d 291, 296 [140 P.2d 693].)

█ Although the court in the event of a denial of divorce would have the power to grant support and maintenance, even though no cause for divorce existed and there would be no division of the property (Civ. Code, § 136; *Booth* v. *Booth,* 100 Cal.App. 28, 30 [279 P. 458]; *Parnay* v. *Parnay,* 55 Cal.App.2d 703, 706 [131 P.2d 562]), the award of support and maintenance must be reversed also. That award was made when the court considered it was not affecting the property rights and that the marriage relationship would still exist. This award was not given in lieu of community property rights, but it comes within the principles of nonsepara-

bility considered in *Bailey* v. *Bailey, supra,* page 293. Sections 139, 140, 142, 143 and 146 of the Civil Code state many factors which must be considered by the court in determining the amount of an award for permanent support and maintenance, some of which are the separate property of the spouses and the division of the community property which is made upon the dissolution of a marriage. Where on appeal it is determined that the trial court erroneously refused a divorce and the cause must be returned to the lower court for a determination of the property rights of the parties, the whole of the judgment must be reversed so that the trial court may exercise its discretion in the matter of support and maintenance in contemplation of a complete severance of the marital relationship.

For the foregoing reasons the judgment appealed from is reversed with directions to the trial court to strike out from its findings all statements that the alleged acts of wrongdoing which resulted in the infliction of grievous mental suffering and grievous physical injury "did not constitute extreme cruelty" and to enter an interlocutory decree of divorce on the ground of extreme cruelty in favor of plaintiff and appellant and to make such provision for the support and maintenance of the plaintiff as seems just after it has retried the issues as to the community property, exercising its discretion under section 146 and making specific findings with respect to the issues tendered.

Schottky, J., pro tem., and Peters, P. J., concurred.

A petition for a rehearing was denied October 3, 1946, and appellant's petition for a hearing by the Supreme Court was denied October 31, 1946.